1  Sean A. O'Brien, Bar No. 133154
   Marisa J. Ippolito, Bar No. 222282
2  E-Mail: sao@paynefears.com
   PAYNE & FEARS LLP
3  Attorneys at Law
   4 Park Plaza, Suite 1100
4  Irvine, CA 92614
   Telephone: (949) 851-1100
5  Facsimile: (949) 851-1212

6  Attorneys for Defendants
   Viable Marketing Corp. dba View
7  Marketing, Chad Elie and Specially
   Appearing Defendant DJ Kilgore

8

9              UNITED STATES DISTRICT COURT

10        FOR THE CENTRAL DISTRICT OF CALIFORNIA

11 Bloosky Interactive, LLC, a Nevada        CASE NO. SACV10-00400 AG (MLGx)
   limited liability company
12                                           PETITION AND NOTICE OF
                Plaintiff,                   REMOVAL OF CIVIL ACTION
13                                           PURSUANT TO 28 U.S.C. §§ 1332
        v.                                   AND 1441(b)
14
   Viable Marketing Corp dba View            [DIVERSITY JURISDICTION]
15 Marketing, a Florida Corporation; Chad
   Elie, and individual; DJ Kilgore, an      [See Supplemental Declaration of Sean
16 individual; and DOES 1 through 10         A. O'Brien, Esq. Filed Under Separate
   inclusive                                 Cover Concurrently Herewith]
17
                Defendants.
18

19       TO THE UNITED STATES DISTRICT COURT FOR THE

20  CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF BLOOSKY

21  INTERACTIVE, LLC, AND ITS COUNSEL OF RECORD:

22

23       PLEASE TAKE NOTICE that Defendants Viable Marketing Corp. dba

24  View Marketing, Chad Elie, and specially appearing defendant DJ Kilgore

25  (hereinafter "Defendants") hereby remove this action from the Superior Court of the

26  State of California for Orange County to the United States District Court for the

27  Central District of California, on the grounds of diversity jurisdiction, as follows:

28

# **PLAINTIFF'S STATE COURT ACTION**

1. On or about October 27, 2009, Plaintiff Bloosky Interactive, LLC ("Plaintiff" or "Bloosky") filed a complaint (the "Complaint") against Defendants in the Superior Court of the State of California, Orange County, entitled "BLOOSKY INTERACTIVE, LLC, a Nevada limited liability company, Plaintiff, vs. VIABLE MARKETING CORP dba VIEW MARKETING, a Florida Corporation, CHAD ELIE, an individual; DJ KILGORE, an individual; and DOES 1 through 10, inclusive, Defendants," Case No. 30-2009-00328685 (the "State Court Action"). Attached hereto as Exhibit "A" is a true and correct copy of the Complaint.

2. On or about January 8, 2010, Plaintiff filed with the state court a Proof of Service of Summons and Complaint re: Viable Marketing Corp. Attached hereto as Exhibit "B" is a true and correct copy of the Proof of Service re: Viable Marketing Corp.

3. On or about January 15, 2010, Plaintiff filed with the state court a Proofs of Service of Summons and Complaint re: Chad Elie and DJ Kilgore. Attached hereto as Exhibits "C" and "D," respectively, are true and correct copies of the Proofs of Service re: Elie and Kilgore.

4. Request for Entry of Default of Defendants were filed on February 10, 2010, but there is no record that a Clerk's Notice of Entry of Defaults as to Defendants was ever entered. Attached hereto as Exhibit "E" is a true and correct copy of the Request for Entry of Default of Defendants.

5.     The stipulation between the parties, to set aside the Entry of Defaults as to Defendants was filed with the Court on March 29, 2010, and subsequently entered on April 2, 2010.  Attached hereto as Exhibit "F" is a true and correct copy of the fully executed Stipulation to Set Aside Default filed with the court.

6.     Defendants Viable Marketing Corp. and Chad Elie accepted service of a copy of Plaintiff's Complaint and Summons in Utah on March 4, 2010. Attached hereto as Exhibits "G" and "H," respectively, are the Notice and Acknowledgements of Receipt for Viable Marketing Corp. and Elie.

7.     Specially appearing defendant DJ Kilgore accepted service in Florida of a copy of Plaintiff's Complaint and Summons on March 8, 2010. Attached hereto as Exhibit "I" is the Notice and Acknowledgements of Receipt for Kilgore.

8.     The Complaint alleges causes of action against Defendants for: (1) Breach of contract; (2) Open Book Account; (3) Account Stated; and (4) Quantum Meruit.

9.     On April 2, 2010, Defendants Viable Marketing Corp. and Chad Elie timely filed and served an Answer in the state court, and Viable Marketing Corp. also filed a Cross-Complaint at the same time, containing general denials, affirmative defenses, and cross-claims.  True and correct copies of the filed Answer and Cross-Complaint are attached hereto as Exhibits "J" and "K," respectively.

10.    Specially appearing defendant DJ Kilgore has not answered the Complaint and intends to file a Rule 12(b)(2) Motion, in a timely manner after

3

1    removal of this action to federal court, contesting the personal jurisdiction of the

2    California courts over him.

3

4          11.    Exhibits A through J attached hereto constitute all of the

5    pleadings, process and orders filed and served in the State Court Action.

6

7    **THE DISTRICT COURT HAS DIVERSITY JURISDICTION OVER THIS**

8             **ACTION PURSUANT TO 28 U.S.C. 1332(a)**

9

10         12.    Under 28 U.S.C. § 1332(a), diversity jurisdiction exists where an

11    action is between citizens of different states and the amount in controversy exceeds

12    $75,000.00.

13

14         13.    Bloosky Interactive, LLC is incorporated in the State of Nevada,

15    and its principal place of business is in Orange County, California. (Complaint,

16    ¶ 1.)

17

18         14.    If a party is a corporation, it is a citizen of both its state of

19    incorporation and the state where it has its principal place of business. 28 U.S.C.

20    § 1332(c)(1). Accordingly, Bloosky Interactive, LLC is, and at the time of the filing

21    of the Complaint was, a citizen of the States of Nevada and California.

22

23         15.    Viable Marketing Corp. dba View Marketing is alleged to be

24    incorporated in the State of Florida, and its principal place of business is in

25    Clearwater, Florida. Viable Marketing Corp. dba View Marketing is, and at the

26    time of the filing of the Complaint was, a citizen of the State of Florida. (*See*

27    Complaint, ¶ 2.)

28

16.     Chad Elie is alleged in the Complaint to be a citizen of the State of Florida and is domiciled in Florida and was so domiciled at the time of the filing and service of the Complaint.  (Complaint, ¶ 3.)

17.     DJ Kilgore is alleged to be a citizen of the State of Florida and is domiciled in Largo, Florida and was so domiciled at the time of the filing and service of the Complaint.  (Complaint, ¶ 4.)

18.     Complete diversity among the parties exists because Plaintiff is a citizen of the States of Nevada and California and Defendants are citizens of the States of Florida (Viable Marketing Corp. dba View Marketing and DJ Kilgore) and Utah (Chad Elie).

## THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM

19.     In the Complaint, Plaintiff alleges damages in excess of the jurisdictional minimum of $75,000 specified in 28 U.S.C. § 1332(a) for diversity cases because Plaintiff's alleged damages are approximately $2,546,331.00 which is above the required jurisdictional amount of $75,000.00.  (Complaint, ¶ 12.)

## REMOVAL IS TIMELY

20.     This Petition and Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure, in that Defendants were originally served with a copy of the Complaint no more than thirty (30) days before the filing of this Petition and Notice.  "[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or

1   otherwise, of a copy of an amended pleading, motion, order or other paper from
2   which it may first be ascertained that the case is one which is or has become
3   removable." 18 U.S.C. § 1446(b).  Here, as set forth in the Declaration of Sean A.
4   O'Brien, Defendants first became aware that this action was removable when they
5   were served with the Complaint on March 4, 2010, and March 8, 2010, respectively,
6   and are thus removing in a timely manner.  (O'Brien Decl., ¶¶ 7-9, 11.)

7

8                                   **CONCLUSION**

9

10          21.    Because (1) this civil action is between parties of different states;
11   and (2) the amount in controversy exceeds $75,000.00, Defendants respectfully
12   request that this Court exercise its removal jurisdiction over this action pursuant to
13   28 U.S.C. §§ 1332.

14

15   DATED: April 2, 2010            PAYNE & FEARS LLP

16

17                                   By: _____
18                                          SEAN A. O'BRIEN

19                                   Attorneys for Defendants
                                     Viable Marketing Corp. dba View
20                                   Marketing, Chad Elie and Specially
                                     Appearing Defendant DJ Kilgore

21

22

23

24

25

26

27

28

# INDEX OF EXHIBITS

**EXHIBIT**                    **DESCRIPTION**

EXHIBIT "A":        Complaint

EXHIBIT "B":        Proof of Service of Summons & Complaint Re: Viable
                    Marketing Corp. dba View Marketing

EXHIBIT "C":        Proof of Service of Summons & Complaint Re: Elie

EXHIBIT "D":        Proof of Service of Summons & Complaint Re: Kilgore

EXHIBIT "E":        Request for Entry of Default of Defendants

EXHIBIT "F":        Stipulation to Set Aside Default

EXHIBIT "G":        Notice & Acknowledgment of Receipt Re: Viable
                    Marketing Corp. dba View Marketing

EXHIBIT "H":        Notice & Acknowledgment of Receipt Re: Elie

EXHIBIT "I":        Notice & Acknowledgment of Receipt Re: Kilgore

EXHIBIT "J":        Answer

EXHIBIT "K":        Cross-Complaint

4840-9037-2101.2

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT A TO PETITION AND NOTICE OF REMOVAL**

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
VIABLE MARKETING CORP. dba VIEW MARKETING, a Florida corporation;
CHAD ELIE, an individual; DJ KILGORE, an individual; and DOES 1 through 10,
inclusive,
YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BLOOSKY INTERACTIVE, LLC, a Nevada limited liability company

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 15 2009

ALAN CARLSON Clerk of the Court

BY    J. TRAN    DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*<br>Superior Court of California, County of Orange<br>Central Justice Center<br>700 Civic Center Drive West<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso)*<br>30-2009<br>00328685<br><br>JUDGE FRANCISCO F. FIRMAT<br>DEPT C15 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
TIFFANY ANN KAHNEN, STATE BAR NO. 254399
BLOOSKY INTERACTIVE, LLC, 9 Pasteur, Suite 100, Irvine, CA 92618
(801) 717-3120

DATE:                                    Clerk, by                          JOSEPH TRAN                , Deputy
*(Fecha)*   DEC 15 2009   ALAN CARLSON   *(Secretario)*                                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1 ☐ as an individual defendant
2 ☐ as the person sued under the fictitious name of *(specify)*

3 ☐ on behalf of *(specify)* Viable Marketing Corp, dba View
      Marketing, a Florida corporation
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4 ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A Pg. 7

BLOOSKY INTERACTIVE, LLC
TIFFANY ANN KAHNEN, STATE BAR NO. 254399
9 Pasteur, Suite 100
Irvine, CA 92618
Telephone: (801) 717-3120
Facsimile: (800) 317-4936

Attorney for Plaintiff
Bloosky Interactive, LLC

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 15 2009

ALAN CARLSON Clerk of the Court

BY _____ J. TRAN _____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

30-2009

| | |
|---|---|
| BLOOSKY INTERACTIVE, LLC, a Nevada limited liability company, | CASE NO 0 0 3 2 8 6 8 5 |
| Plaintiff, | UNLIMITED CIVIL |
| | COMPLAINT FOR: |
| vs | |
| VIABLE MARKETING CORP dba VIEW MARKETING, a Florida Corporation; CHAD ELIE, an individual; DJ KILGORE, an individual; and DOES 1 through 10, inclusive, | 1. BREACH OF CONTRACT<br>2. OPEN BOOK ACCOUNT<br>3. ACCOUNT STATED<br>4. QUANTUM MERUIT |
| | JUDGE FRANCISCO F. FIRMAT<br>DEPT C15 |
| Defendants | |

Plaintiff Bloosky Interactive, LLC alleges for its Complaint against Defendants VIABLE MARKETING CORP. dba VIEW MARKETING, CHAD ELIE and DJ KILGORE (hereinafter collectively referred to as the "Defendants") as follows:

## PARTIES

1      Plaintiff Bloosky Interactive, LLC (herein referred to as "Bloosky") is a Nevada limited liability company with its principal place of business in Orange County, California

2      Bloosky is informed and believes, and thereon alleges, that Defendant VIABLE MARKETING CORP dba VIEW MARKETING (herein referred to as "Viable") was and is a Florida corporation which does substantial business in the State of California

-1-
COMPLAINT

Exhibit _A_ Pg. _8_

1    3.    Bloosky is informed and believes, and thereon alleges, that Defendant CHAD

2    ELIE (hereinafter referred to as "Elie") is an individual who, on information and belief, has at

3    all relevant times been a resident of Florida   At all relevant times, Elie was and is an owner of

4    Viable and serves as its President or Chief Executive Officer.

5    4.    Bloosky is informed and believes, and thereon alleges, that Defendant DJ

6    KILGORE (hereinafter referred to as "Kilgore") is an individual who, on information and

7    belief, has at all relevant times been a resident of Florida   At all relevant times, Kilgore was

8    and is an owner of Viable and serves as its Chief Technology Officer.

9    5.    Bloosky is unaware of the true names and capacities of Defendants Does 1

10   through 10, inclusive, but is informed and believes, and on that basis alleges, that each

11   fictitiously named Defendant was the agent or employee of the other Defendants, and was

12   acting within the course and scope of such agency or employment, or took some part, directly

13   or through their own agents or employees, in the acts or omissions alleged herein, and is liable

14   to Bloosky for the relief prayed for herein   Bloosky will amend this Complaint to insert the

15   true names and capacities of these fictitiously named Defendants when they have been

16   ascertained   Reference to the term "Defendants" hereinafter shall mean the named Defendants

17   and Does 1 through 10, unless otherwise indicated

18                                    <u>VENUE</u>

19   6    Venue is proper in Orange County, California as it is the location of venue

20   denoted and agreed to under the terms and conditions of Bloosky's insertion order (hereinafter

21   referred to as the "Agreement") and was therefore contractually agreed to by the parties, upon

22   signing the Agreement   The obligation and liability under the Agreement arose upon the

23   Defendants' breach of the Agreement

24                                 <u>JURISDICTION</u>

25   7    The Orange County Superior Court has subject-matter jurisdiction with respect

26   to this action. Defendants contractually consented to submit to exclusive jurisdiction of both

27   the California State Court and California Federal Court in any matter arising from a breach of

28   the Agreement   Furthermore, Defendants have availed themselves to California State

                                    - 2 -
                                  COMPLAINT

1  jurisdiction through Defendants' business contacts within the State of California. Defendants'

2  minimum business contacts within the State of California are sufficient for the Orange County

3  Superior Court to exercise personal jurisdiction over Defendants.

### GENERAL ALLEGATIONS

5      8      Bloosky operates an online advertising network that, inter alia, markets products

6  and services for various advertisers through email marketing, search marketing, and/or display

7  marketing, as required by the advertiser.  When Bloosky's marketing results in sales,

8  registrations or other defined actions (hereinafter collectively referred to as the "Action"), the

9  advertiser pays Bloosky a fee for the Action.

10      9      Beginning on or about June 7, 2009, Viable requested that Bloosky provide

11  email, search and display traffic for its "Google Exclusive" campaign by signing Bloosky's

12  insertion order and the terms and conditions agreed to therein.

13      10      In the Agreement, Viable ordered up to 5,000 Actions per day with an agreed

14  cost per Action of $43.00.

15      11      Beginning in or about August 2009 and continuing each month up to the present

16  date, Viable failed to pay Bloosky for the Actions delivered by Bloosky.

17      12      On several occasions, Bloosky requested that Viable perform its obligations

18  under the Agreement and pay Bloosky.  Viable has refused to pay Bloosky the sums due

19  which, as of the date of filing of this Complaint, amount to at least $2,546,331.00, excluding

20  interest.

### FIRST CAUSE OF ACTION

22                    (Breach of Contract – Against All Defendants)

23      13      Bloosky re-alleges and incorporates by reference paragraphs 1 through 12 above

24  as though fully set forth herein.

25      14      As set forth above, beginning in or about August 2009, Bloosky provided Viable

26  with buyers, pursuant to the terms of the Agreement between Viable and Bloosky.

27  ///

28  ///

Exhibit A Pg 10

1      15      Beginning in or about August 2009 and continuing to this date, Bloosky has

2  performed its obligations under the terms and conditions of the Agreement by providing Viable

3  with buyers of its products

4      16      In accordance with the agreement, Bloosky remitted invoices to Viable  for

5  payment

6      17.     Viable breached the agreement by failing to pay Bloosky the agreed to $43.00

7  cost per Action for the 59,217 Actions Bloosky delivered on behalf of Viable

8      18      Bloosky has performed all of its obligations under the terms and conditions of

9  the Agreement, except to the extent such obligations were excuse by Viable's breach of the

10  Agreement

11      19.     Defendants Elie and Kilgore (hereinafter collectively referred to as the

12  "Individual Defendants") are liable for Viable's breach of the Agreement because Viable  is the

13  Individual Defendants' alter ego  Bloosky is informed and believes, and based thereon alleges,

14  that the Individual Defendants own most, if not all, of Viable's stock and exercise substantial

15  control over Viable, as officers and owners of Viable .  Moreover, Bloosky is informed and

16  believes, and based thereon alleges, that the Individual Defendants have deliberately

17  undercapitalized Viable in order to defraud its creditors.  Viable  is influenced and governed by

18  the Individual Defendants, and there is such unity of interest and ownership between Viable

19  and the Individual Defendants that the separate personalities of Viable  and the Individual

20  Defendants no longer exist

21      20      If the acts of Viable  are treated as those of Viable alone, an inequitable result

22  will follow because it will allow the Individual Defendants to avoid liability by hiding behind

23  Viable 's corporate form for the inequitable acts described above, including, but not limited to,

24  the deliberate undercapitalization of Viable in an effort to defraud creditors

25      21     As a direct and proximate result of Defendants' breach of the Agreement,

26  Bloosky has suffered actual damages in the sum of at least $2,546,331.00, excluding interest.

27  ///

28  ///

Exhibit A Pg. 11

## SECOND CAUSE OF ACTION

### (Open Book Account – Against All Defendants)

22.     Bloosky re-alleges and incorporates by reference paragraphs 1 through 21 above as though fully set forth herein

23.     In the months subsequent to Defendants' breach of the Agreement, Defendants became indebted to Bloosky on an open book account in the sum of $2,546,331.00, excluding interest, pursuant to the Agreement

24.     No part of said sum has been paid by Defendants to date, although demand therefor has been made   There is now due, owing and unpaid from Defendants to Bloosky the sum of $2,546,331.00, plus interest thereon as permitted by law, accruing from the date that each unpaid invoice became due, plus attorney's fees and costs as provided for in the Agreement between the parties

## THIRD CAUSE OF ACTION

### (Account Stated – Against All Defendants)

25.     Bloosky re-alleges and incorporates by reference paragraphs 1 through 24 above as though fully set forth herein

26.     In the months subsequent to Defendants' breach of the Agreement, an account was stated by and between Bloosky and Defendants, wherein it was agreed that Defendants, and each of them, were indebted to Bloosky in the sum of $2,546,331.00, excluding interest

27.     No part of said sum has been paid by Defendants to date, although demand therefor has been made.  There is now due, owing and unpaid from Defendants to Bloosky the sum of $2,546,331.00, plus interest thereon as permitted by law, accruing from the date that each unpaid invoice became due, plus attorney's fees and costs as provided for in the Agreement between the parties

## FOURTH CAUSE OF ACTION

### (Quantum Meruit – Against All Defendants)

28     Bloosky re-alleges and incorporates by reference paragraphs 1 through 27 above as though fully set forth herein

-5-
COMPLAINT

Exhibit _A_ Pg _12_

29.    As set forth above, Bloosky performed a service to Defendants by providing buyers for Defendants' products, pursuant to the terms and conditions of the Agreement, with the mutual expectation that Defendants would pay the agreed cost per Action

30.    Defendants became indebted to Bloosky in the sum of at least $2,546,331.00, excluding interest, for the services provided to Defendants by Bloosky as agreed to by the parties in the Agreement

31.    No part of said sum has been paid by Defendants to date, although demand therefor has been made.  There is now due, owing and unpaid from Defendants to Bloosky the sum of $2,546,331.00, plus interest thereon as permitted by law, accruing from the date that each unpaid invoice became due, plus attorney's fees and costs as provided for in the Agreement between the parties

<u>PRAYER FOR RELIEF</u>

Wherefore, Bloosky prays for judgment as follows:

1    Compensatory damages in the sum of at least $2,546,331.00;

2    For prejudgment interest on each unpaid invoice (the sum of which amounts to $2,546,331.00) accruing from the date on which each unpaid invoice became due and payable;

3    For costs of suit herein incurred;

4    For attorney's fees and costs; and

5    For such other and further relief as the court deems just and proper

Dated: December 15, 2009

BLOOSKY INTERACTIVE, LLC

By: _____
Tiffany Ann Kahnen
Attorney for Plaintiff

-6-
COMPLAINT

Exhibit A Pg. 13

**EXHIBIT B TO PETITION AND NOTICE OF REMOVAL**

| Attorney or Party without Attorney: | RECEIVED | For Court Use Only |
|---|---|---|
| TIFFANY ANN KAHNEN, ESQ, Bar #254399 BLOOSKY INTERACTIVE, LLC 9 PASTEUR SUITE 100 IRVINE, CA 92618 Telephone No: 866-637-3663 | SUPERIOR COURT OF CALIFORNIA CENTRAL JUSTICE CENTER JAN 08 2010 BY: E. SUTTER | FILED SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE CENTRAL JUSTICE CENTER JAN 08 2010 ALAN CARLSON, Clerk of the Court Eleanor Sutter BY E. SUTTER |
| Attorney for: Plaintiff | Ref. No. or File No.: | |

Insert name of Court, and Judicial District and Branch Court:

ORANGE COUNTY SUPERIOR COURT, CENTRAL JUSTICE CENTER

Plaintiff: BLOOSKY INTERACTIVE, LLC

Defendant: VIABLE MARKETING CORP

| PROOF OF SERVICE SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number: 30-2009-00328685 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL DEPARTMENT CALENDAR SCHEDULING CHART; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE.

3. a. *Party served:*      VIABLE MARKETING CORP. dba VIEW MARKETING, a Florida corporation
    b. *Person served:*      Michelle Palan, Legal Assistant Authorized to Accept Service of Process

4. *Address where the party was served:*      1840 SouthWest 22nd Street
                                    4th Floor
                                    MIAMI, FL 33145

5. *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Mon., Dec. 28, 2009 (2) at: 10:15AM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
    *on behalf of:*   VIABLE MARKETING CORP. dba VIEW MARKETING, a Florida corporation
          Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. STEPHEN WHITING                    d. *The Fee for Service was:*   $275.00

                                         e. I am: Not a Registered California Process Server

**First Legal**

301 Civic Center Drive West
Santa Ana, CA 92701
Telephone   (714) 541-1110
Fax         (714) 541-8182
www.firstlegalnetwork.com

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Mon, Jan. 04, 2010

                                       Stephen Whiting
Judicial Council Form POS-010         PROOF OF SERVICE         (STEPHEN WHITING)
Rule 2.150.(a)&(b) Rev January 1, 2007     SUMMONS & COMPLAINT            9749553;to.ti/an.258486

Exhibit B Pg 14

**EXHIBIT C TO PETITION AND NOTICE OF REMOVAL**

| Attorney or Party without Attorney: | RECEIVED | For Court Use Only |
|---|---|---|
| TIFFANY ANN KAHNEN, ESQ, Bar #254399<br>BLOOSKY INTERACTIVE, LLC<br>9 PASTEUR<br>SUITE 100<br>IRVINE, CA 92618<br>Telephone No: 866-637-3663 | SUPERIOR COURT OF CALIFORNIA<br>CENTRAL JUSTICE CENTER<br>JAN 15 2010<br>BY:   G. BARR<br>Ref. No. or File No.: | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br>JAN 15 2010<br>ALAN CARLSON, Clerk of the Court<br>G. Barr<br>BY G. BARR |

| Attorney for: Plaintiff | | |
|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>ORANGE COUNTY SUPERIOR COURT, CENTRAL JUSTICE CENTER | | |
| Plaintiff: BLOOSKY INTERACTIVE, LLC | | |
| Defendant: VIABLE MARKETING CORP | | |

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>30-2009-00328685 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL DEPARTMENT CALENDAR
   SCHEDULING CHART; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE.

3. *a. Party served:*  CHAD ELIE, an individual

4. *Address where the party was served:*  13799 Park Boulevard North
   #330
   SEMINOLE, FL 33776

5. *I served the party:*
   b. **by substituted service.** On: Thu., Dec. 31, 2009 at: 11:40AM by leaving the copies with or in the presence of:
   Kile Ahern, Person in Charge
   (1) **(Business)** a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the
       person served. I informed him or her of the general nature of the papers.
   (4) A declaration of mailing is attached.
   (5) I attach a declaration of diligence stating actions taken first to attempt personal service.

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. *Person Who Served Papers:*      Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. BRANDON FRANZ
                                    d.  *The Fee for Service was:*   $270.00

     301 Civic Center Drive West
   Santa Ana, CA 92701       e.  I am: Not a Registered California Process Server
   Telephone   (714) 541-1110
   Fax         (714) 541-8182
   www.firstlegalnetwork.com

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Thu, Dec. 31, 2009

Judicial Council Form POS-010          PROOF OF SERVICE          (BRANDON FRANZ)         4149554:lg:tifan.258482
Rule 2.150.(a)&(b) Rev January 1, 2007     SUMMONS & COMPLAINT

Exhibit C  Pg 15

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| TIFFANY ANN KAHNEN, ESQ, Bar #254399 BLOOSKY INTERACTIVE, LLC 9 PASTEUR SUITE 100 IRVINE, CA  92618 *Telephone No:* 866-637-3663 | | | | |

*Ref. No or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*
ORANGE COUNTY SUPERIOR COURT, CENTRAL JUSTICE CENTER

*Plaintiff:* BLOOSKY INTERACTIVE, LLC
*Defendant:* VIABLE MARKETING CORP

| AFFIDAVIT OF REASONABLE DILIGENCE | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* 30-2009-00328685 |
|---|---|---|---|---|

1.  I, BRANDON FRANZ, and any employee or independent contractors retained by FIRST LEGAL SUPPORT SERVICES are and were on the dates mentioned herein over the age of eighteen years and not a party to this action. Personal service was attempted on Defendant CHAD ELIE, an individual as follows:

2.  *Documents:*    SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL DEPARTMENT CALENDAR
    SCHEDULING CHART; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE..

| Day | Date | Time | Location | R e s u l t s |
|---|---|---|---|---|
| Wed. | 12/23/09 | 5:05pm | Business | The given address is a UPS Store. The subject does hold a box here but is not here, per employee. Attempt made by: BRANDON  FRANZ. Attempt at: 13799 Park Boulevard North #330  SEMINOLE FL. 33776. |
| Tue. | 12/29/09 | 9:15am | Business | The subject is not here, per employee. Attempt made by: BRANDON  FRANZ. Attempt at: 13799 Park Boulevard North #330  SEMINOLE FL. 33776. |
| Wed. | 12/30/09 | 1:45pm | Business | The subject is not here, per employee. Attempt made by: BRANDON  FRANZ. Attempt at: 13799 Park Boulevard North #330  SEMINOLE FL. 33776. |
| Thu. | 12/31/09 | 11:40am | Business | Substituted Service on:  CHAD ELIE, an individual Business - 13799 Park Boulevard North #330 SEMINOLE, FL. 33776  by Serving: party in item 3.a. a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the person served  by leaving a copy of the document(s) with: Kile Ahern, Person in Charge. Served by: BRANDON  FRANZ |
| Thu. | 12/31/09 | | | Mailed copy of Documents to:  CHAD ELIE, an individual |

3.  *Person Executing*
    a. BRANDON  FRANZ
    b. FIRST LEGAL SUPPORT SERVICES
       301 CIVIC CENTER DRIVE WEST
       SANTA ANA, CA  92701
    c. (714) 541-1110

Recoverable Costs Per CCP 1033.5(a)(4)(B)
*d.. The Fee* for service was: $270.00
*e. I am:* (3)  Not a Registered California Process Server

4.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

*Date:* Thu, Dec. 31, 2009          AFFIDAVIT OF REASONABLE DILIGENCE          (BRANDON  FRANZ)149554;lg.bloin.258482

Exhibit C  Pg 16

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| TIFFANY ANN KAHNEN, ESQ, Bar #254399<br>BLOOSKY INTERACTIVE, LLC<br>9 PASTEUR<br>SUITE 100<br>IRVINE, CA 92618<br>Telephone No: 866-637-3663      FAX No: | | |
| Attorney for: Plaintiff | Ref. No or File No.: | |

Insert name of Court, and Judicial District and Branch Court:

ORANGE COUNTY SUPERIOR COURT, CENTRAL JUSTICE CENTER

Plaintiff: BLOOSKY INTERACTIVE, LLC

Defendant: VIABLE MARKETING CORP

| PROOF OF SERVICE<br>By Mail | Hearing Date: | Time: | Dept/Div: | Case Number:<br>30-2009-00328685 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL DEPARTMENT CALENDAR SCHEDULING CHART; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE.

3. By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:

    a. Date of Mailing:               Thu., Dec. 31, 2009
    b. Place of Mailing:              SANTA ANA, CA 92701
    c. Addressed as follows:          CHAD ELIE, an individual
                                13799 Park Boulevard North
                                #330
                                SEMINOLE, FL 33776

4. I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Thu., Dec. 31, 2009 in the ordinary course of business.

Recoverable Cost Per CCP 1033.5(a)(4)(B)

5. *Person Serving:*
    a. RON KUYER
    b. FIRST LEGAL SUPPORT SERVICES
       301 CIVIC CENTER DRIVE WEST
       SANTA ANA, CA 92701
    c. 714-541-1110

    d. *The Fee for Service was:* $270.00
    e. I am: Not a Registered California Process Server

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Thu., Dec. 31, 2009

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
By Mail

(RON KUYER) 9149554;lg.tifan.258482

Exhibit C Pg 17

**EXHIBIT D TO PETITION AND NOTICE OF REMOVAL**

| | RECEIVED | For Court Use Only |
|---|---|---|

Attorney or Party without Attorney:
TIFFANY ANN KAHNEN, ESQ, Bar #254399
BLOOSKY INTERACTIVE, LLC
9 PASTEUR
SUITE 100
IRVINE, CA 92618
Telephone No: 866-637-3663

RECEIVED
SUPERIOR COURT OF CALIFORNIA
CENTRAL JUSTICE CENTER

JAN 15 2010

BY: _____ G. BARR

Ref. No. or File No.:

For Court Use Only

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 15 2010

ALAN CARLSON, Clerk of the Court

G. Barr
BY G BARR

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:
ORANGE COUNTY SUPERIOR COURT, CENTRAL JUSTICE CENTER

Plaintiff: BLOOSKY INTERACTIVE, LLC

Defendant: VIABLE MARKETING CORP

| **PROOF OF SERVICE SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div: | Case Number: 30-2009-00328685 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL DEPARTMENT CALENDAR SCHEDULING CHART; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE.

3. a. Party served:                     DJ KILGORE, an individual

4. Address where the party was served:   13799 Park Boulevard North
                                         #330
                                         SEMINOLE, FL 33776

5. I served the party:
   b. by substituted service. On: Thu., Dec. 31, 2009 at 11:40AM by leaving the copies with or in the presence of:
      Kile Ahern, Person in Charge
      (1) **(Business)** a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the person served. I informed him or her of the general nature of the papers.
      (4) A declaration of mailing is attached.
      (5) I attach a declaration of diligence stating actions taken first to attempt personal service.

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. Person Who Served Papers:                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. BRANDON FRANZ                         d.  The Fee for Service was:   $112.50

   **First Legal**
   301 Civic Center Drive West             e.  I am: Not a Registered California Process Server
   Santa Ana, CA 92701
   Telephone   (714) 541-1110
   Fax         (714) 541-8182
   www.firstlegalnetwork.com

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Thu, Dec. 31, 2009

Judicial Council Form POS-010                PROOF OF SERVICE              (BRANDON FRANZ)    9149555.lg.tifan.258484
Rule 2.150.(a)&(b) Rev January 1, 2007       SUMMONS & COMPLAINT

Exhibit D Pg. 18

| | | | | For Court Use Only |
|---|---|---|---|---|

*Attorney or Party without Attorney:*
TIFFANY ANN KAHNEN, ESQ, Bar #254399
BLOOSKY INTERACTIVE, LLC
9 PASTEUR
SUITE 100
IRVINE, CA  92618
*Telephone No:* 866-637-3663

*Ref. No or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*
ORANGE COUNTY SUPERIOR COURT, CENTRAL JUSTICE CENTER
*Plaintiff:* BLOOSKY INTERACTIVE, LLC
*Defendant:* VIABLE MARKETING CORP

| **AFFIDAVIT OF** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* |
|---|---|---|---|---|
| **REASONABLE DILIGENCE** | | | | 30-2009-00328685 |

1. I, BRANDON FRANZ, and any employee or independent contractors retained by FIRST LEGAL SUPPORT SERVICES  are and were on the dates mentioned herein over the age of eighteen years and not a party to this action.  Personal service was attempted on Defendant DJ KILGORE, an individual as follows:

2. *Documents:*     SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL DEPARTMENT CALENDAR
     SCHEDULING CHART; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE..

| Day | Date | Time | Location | Results |
|---|---|---|---|---|
| Wed | 12/23/09 | 5:05pm | Business | The given address is a UPS Store. The subject does hold a box here but is not here, per employee. Attempt made by: BRANDON  FRANZ. Attempt at: 13799 Park Boulevard North #330  SEMINOLE FL. 33776. |
| Tue | 12/29/09 | 9:15am | Business | The subject is not here, per employee. Attempt made by: BRANDON  FRANZ. Attempt at: 13799 Park Boulevard North #330  SEMINOLE FL. 33776. |
| Wed | 12/30/09 | 1:45pm | Business | The subject is not here, per employee. Attempt made by: BRANDON  FRANZ. Attempt at: 13799 Park Boulevard North #330  SEMINOLE FL. 33776. |
| Thu | 12/31/09 | 11:40am | Business | Substituted Service on:  DJ KILGORE, an individual Business - 13799 Park Boulevard North #330 SEMINOLE, FL. 33776 by Serving: party in item 3.a. a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the person served  by leaving a copy of the document(s) with: Kile Ahern, Person in Charge.  Served by: BRANDON  FRANZ |
| Thu | 12/31/09 | | | Mailed copy of Documents to:  DJ KILGORE, an individual |

3. *Person Executing*
   a. BRANDON  FRANZ
   b. **FIRST LEGAL SUPPORT SERVICES**
      301 CIVIC CENTER DRIVE WEST
      SANTA ANA, CA  92701
   c. (714) 541-1110

Recoverable Costs Per CCP 1033.5(a)(4)(B)
d.. *The Fee for service was:* $112.50
e. *I am:* (3) Not a Registered California Process Server

4. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

*Date:* Thu, Dec. 31, 2009          AFFIDAVIT OF REASONABLE DILIGENCE          (BRANDON  FRANZ)149555;)g.bloin.258484

Exhibit  D  Pg 19

| | For Court Use Only |
|---|---|
| *Attorney or Party without Attorney:*<br>TIFFANY ANN KAHNEN, ESQ, Bar #254399<br>BLOOSKY INTERACTIVE, LLC<br>9 PASTEUR<br>SUITE 100<br>IRVINE, CA 92618<br>*Telephone No:* 866-637-3663    *FAX No:* | |

*Ref. No or File No.:*

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
ORANGE COUNTY SUPERIOR COURT, CENTRAL JUSTICE CENTER

*Plaintiff:* BLOOSKY INTERACTIVE, LLC

*Defendant:* VIABLE MARKETING CORP

| **PROOF OF SERVICE**<br>**By Mail** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>30-2009-00328685 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL DEPARTMENT CALENDAR SCHEDULING CHART; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE.

3. By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:

   a. Date of Mailing:  Thu., Dec. 31, 2009
   b. Place of Mailing:  SANTA ANA, CA 92701
   c. Addressed as follows:  DJ KILGORE, an individual
   13799 Park Boulevard North
   #330
   SEMINOLE, FL 33776

4. I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Thu., Dec. 31, 2009 in the ordinary course of business.

5. *Person Serving:*
   a. RON KUYER
   b. FIRST LEGAL SUPPORT SERVICES
      301 CIVIC CENTER DRIVE WEST
      SANTA ANA, CA 92701
   c. 714-541-1110

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*  $112.50
   e. I am: Not a Registered California Process Server

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Thu, Dec. 31, 2009

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
By Mail

(RON KUYER) *9149555:lg.tifan.258484*

Exhibit *D* Pg *20*

**EXHIBIT E TO PETITION AND NOTICE OF REMOVAL**

CIV-100

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number, and address):
BLOOSKY INTERACTIVE, LLC
TIFFANY A. KAHNEN, STATE BAR NO. 254399
9 Pasteur, Suite 100
Irvine, CA 92618

TELEPHONE NO.: (801) 717-3120        FAX NO. (Optional): (949) 861-3663
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): BLOOSKY INTERACTIVE, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: BLOOSKY INTERACTIVE, LLC

DEFENDANT/RESPONDENT: VIABLE MARKETING CORP., et. al.

| REQUEST FOR (Application) | ☒ Entry of Default | ☐ Clerk's Judgment | CASE NUMBER: |
|---|---|---|---|
| | ☐ Court Judgment | | 30-2009-00328685 |

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on (date): December 15, 2009
   b. by (name): Plaintiff, BLOOSKY INTERACTIVE, LLC
   c. ☒ Enter default of defendant (names): VIABLE MARKETING CORP. dba VIEW MARKETING, a Florida corporation, CHAD ELIE, an individual and DJ KILGORE, an individual.
   d. ☐ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant (names):

   (Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)

   e. ☐ Enter clerk's judgment
      (1) ☐ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         ☐ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The Prejudgment Claim of Right to Possession was served in compliance with Code of Civil Procedure section 415.46.
      (2) ☐ under Code of Civil Procedure section 585(a). (Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)
      (3) ☐ for default previously entered on (date):

2. Judgment to be entered.

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint......................$ | $ | $ | 0.00 |
| b. Statement of damages * | | | |
| (1) Special ....................................$ | $ | $ | 0.00 |
| (2) General .....................................$ | $ | $ | 0.00 |
| c. Interest...........................................$ | $ | $ | 0.00 |
| d. Costs (see reverse) ...........................$ | $ | $ | 0.00 |
| e. Attorney fees ..................................$ | $ | $ | 0.00 |
| f. TOTALS .........................................$ | 0.00 $ | 0.00 $ | 0.00 |
| g. Daily damages were demanded in complaint at the rate of: $ | | per day beginning (date): | |

(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. ☐ (Check if filed in an unlawful detainer case) Legal document assistant or unlawful detainer assistant information is on the reverse (complete item 4).

Date: February 10, 2010

Tiffany A. Kahnen
(TYPE OR PRINT NAME)                           (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| | (1) ☐ Default entered as requested on (date): | |
|---|---|---|
| FOR COURT USE ONLY | (2) ☐ Default NOT entered as requested (state reason): | |
| | Clerk, by | , Deputy |

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2007]

REQUEST FOR ENTRY OF DEFAULT
(Application to Enter Default)

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure,
§§ 585-87, 1169
www.courtinfo.ca.gov


Exhibit E Pg 21

CIV-100

| PLAINTIFF/PETITIONER: BLOOSKY INTERACTIVE, LLC | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: VIABLE MARKETING CORP., et. al. | 30-2009-00328685 |

4. **Legal document assistant or unlawful detainer assistant** (Bus. & Prof. Code, § 6400 et seq.). A legal document assistant or unlawful detainer assistant ☐ **did** ☒ **did not** for compensation give advice or assistance with this form.
   *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

   a. Assistant's name:
   b. Street address, city, and zip code:

   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date):*

5. ☐ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action
   a. ☐ is  ☒ is not  on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act),
   b. ☐ is  ☒ is not  on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is  ☒ is not  on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing** (Code Civ. Proc., § 587). A copy of this *Request for Entry of Default* was
   a. ☐  **not mailed** to the following defendants, whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names)*:

   b. ☐  **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
      (1) Mailed on *(date):* February 10, 2010
      (2) To *(specify names and addresses shown on the envelopes):*
          See attached mailing list

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date: February 10, 2010

Tiffany A. Kahnen
_____
(TYPE OR PRINT NAME)          ▶          _____
                                         (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees ......................................$           0.00
   b. Process server's fees ................................$
   c. Other *(specify):* _____ $
   d. _____ $
   e. **TOTAL**...................................................$           0.00
   f. ☐  Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

_____
(TYPE OR PRINT NAME)          ▶          _____
                                         (SIGNATURE OF DECLARANT)

8. ☐  **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

_____
(TYPE OR PRINT NAME)          ▶          _____
                                         (SIGNATURE OF DECLARANT)

Civ-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit E Pg. 22

## Mailing List

Viable Marketing Corp. dba View Marketing
13799 Park Blvd. N, Suite 330
Seminole, FL 33776

Chad Elie
13799 Park Blvd. N, Suite 330
Seminole, FL 33776

DJ Kilgore
13799 Park Blvd. N, Suite 330
Seminole, FL 33776

**EXHIBIT F TO PETITION AND NOTICE OF REMOVAL**

1  BLOOSKY INTERACTIVE, LLC
   TIFFANY A. KAHNEN, STATE BAR NO. 254399
2  9 Pasteur, Suite 100
   Irvine, CA  92618
3  Telephone:  (866) 637-7220
   Facsimile:  (888) 465-7166
4
   Attorney for Plaintiff
5  Bloosky Interactive, LLC

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
WEST JUSTICE CENTER

APR 02 2010

ALAN CARLSON, Clerk of the Court
BY  K. BLAIR

6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11 | BLOOSKY INTERACTIVE, LLC, a Nevada          CASE NO. 30-2009-00328685
   | limited liability company,
12 |                                             **STIPULATION TO SET ASIDE**
13 |            Plaintiff,                        **DEFAULT**

14 |     vs.

15 | VIABLE MARKETING CORP. dba VIEW            
16 | MARKETING, a Florida Corporation; CHAD
   | ELIE, an individual; DJ KILGORE, an
17 | individual; and DOES 1 through 10, inclusive,

18 |            Defendants.

19

20       Plaintiff, BLOOSKY INTERACTIVE, LLC, and Defendants VIABLE MARKETING

21 CORP. dba VIEW MARKETING, CHAD ELIE, and DJ KILGORE, by and through their

22 respective counsel (collectively the "Parties"), hereby submit the following stipulation,

23 pursuant to California Code of Civil Procedure section 473, to set aside the default taken on

24 February 10, 2010, for the Court's approval.

25     **THE PARTIES HEREBY STIPULATE** to the following:

26     1.  That the Request for Entry of Default of Defendants VIABLE MARKETING

27         CORP. dba VIEW MARKETING, CHAD ELIE, and DJ KILGORE filed on

28         February 10, 2010 and the Clerk's Notice of Entry of Default as to Defendants

-1-
STIPULATION TO SET ASIDE DEFAULT

Exhibit E p 24

1   VIABLE MARKETING CORP. dba VIEW MARKETING, CHAD ELIE, and DJ

2   KILGORE entered on February 10, 2010, be set aside.

3     2. That Defendants VIABLE MARKETING CORP. dba VIEW MARKETING,

4     CHAD ELIE, and DJ KILGORE, file their responsive pleadings to Plaintiff's

5     complaint within ten (10) days of the execution of the attached order.

6

7   Dated: __3|1|10__

          BLOOSKY INTERACTIVE, LLC

8

9         By: _____

10              Tiffany A. Kahnen
             Attorney for Plaintiff, Bloosky Interactive, LLC

11
  Dated: __3/29/10__

12           PAYNE & FEARS, LLC

13

14         By: _____
             Sean A. O'Brien

15              Attorney for Defendants, Viable Marketing Corp.
             dba View Marketing, Chad Elie and DJ Kilgore

16

17                   **ORDER**

18    Pursuant to the above stipulation and good cause appearing, **IT IS ORDERED THAT:**

19    The Request for Entry of Default of Defendants VIABLE MARKETING CORP. dba

20   VIEW MARKETING, CHAD ELIE, and DJ KILGORE filed on February 10, 2010 and the

21   Clerk's Notice of Entry of Default as to Defendants VIABLE MARKETING CORP. dba

22   VIEW MARKETING, CHAD ELIE, and DJ KILGORE entered on February 10, 2010 are set

23   aside. Defendants VIABLE MARKETING CORP. dba VIEW MARKETING, CHAD ELIE,

24   and DJ KILGORE shall file their responsive pleadings to plaintiff's Complaint within 10 days

25   of this Order.

26

27   DATED: ___APR 0 2 2010___

          JUDGE FRANCISCO F. FIRMAT

28              JUDGE OF THE SUPERIOR COURT

Exhibit E Pg 25

**PROOF OF SERVICE**

*Bloosky Interactive, LLC v. Viable Marketing Corp., et al.*

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

    On March 29, 2010, I served the following document(s) described as STIPULATION TO SET ASIDE DEFAULT on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Tiffany A. Kahnen, Esq.                Attorneys For Plaintiff
Bloosky Interactive, LLC            BLOOSKY INTERACTIVE, LLC
9 Pasteur, Suite 100
Irvine, California 92618
TEL:  (866) 637-7220
FAX:  (888) 465-7166

☒    **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐    **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐    **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet.  Said transmission was reported complete and without error.

☐    **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐    **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 29, 2010, at Irvine, California.

*Rebecca L. Espinosa*
REBECCA L. ESPINOSA

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT G TO PETITION AND NOTICE OF REMOVAL**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TIFFANY ANN KAHNEN, STATE BAR NO. 254399
BLOOSKY INTERACTIVE, LLC
9 Pasteur, Suite 100
Irvine, CA 92618
TELEPHONE NO: (866) 637-7220     FAX NO. (Optional): (888) 465-7166
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): BLOOSKY INTERACTIVE, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: BLOOSKY INTERACTIVE, LLC

DEFENDANT/RESPONDENT: VIABLE MARKETING CORP. dba VIEW MARKETING,
CHAD ELIE, DJ KILGORE and DOES 1 through 10.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2009-00328685 |
|---|---|

TO (insert name of party being served): VIABLE MARKETING CORP. dba VIEW MARKETING

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 26, 2010

ROBERT NIX
        (TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. ☒ A copy of the summons and of the complaint
2. ☐ Other (specify):


(To be completed by recipient):

Date this form is signed:   March 4, 2010

~~S~~ VIABLE MARKETING
CORP. dba VIEW MARKETING
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY IF ANY          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

|  |  |  |
|---|---|---|
| | | Page 1 of 1 |

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

Exhibit G Pg 27

## PROOF OF SERVICE

*Bloosky Interactive, LLC v. Viable Marketing Corp., et al.*

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

     On March 29, 2010, I served the following document(s) described as **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Tiffany A. Kahnen, Esq.          Attorneys For Plaintiff
Bloosky Interactive, LLC          BLOOSKY INTERACTIVE, LLC
9 Pasteur, Suite 100
Irvine, California 92618
TEL:  (866) 637-7220
FAX:  (888) 465-7166

[X] **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

[ ] **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

[ ] **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet.  Said transmission was reported complete and without error.

[ ] **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

[ ] **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

[X] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 29, 2010, at Irvine, California.

*Rebecca L. Espinosa*
REBECCA L. ESPINOSA

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT H TO PETITION AND NOTICE OF REMOVAL**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TIFFANY ANN KAHNEN, STATE BAR NO. 254399<br>BLOOSKY INTERACTIVE, LLC<br>9 Pasteur, Suite 100<br>Irvine, CA  92618<br>  TELEPHONE NO: (866) 637-7220    FAX NO. *(Optional):* (888) 465-7166<br>E-MAIL ADDRESS *(Optional):*<br>  ATTORNEY FOR *(Name):* BLOOSKY INTERACTIVE, LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
  STREET ADDRESS:  700 Civic Center Drive West
  MAILING ADDRESS:  700 Civic Center Drive West
  CITY AND ZIP CODE:  Santa Ana, CA 92701
  BRANCH NAME:  Central Justice Center

PLAINTIFF/PETITIONER: BLOOSKY INTERACTIVE, LLC

DEFENDANT/RESPONDENT: VIABLE MARKETING CORP. dba VIEW MARKETING,
    CHAD ELIE, DJ KILGORE and DOES 1 through 10.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2009-00328685 |
|---|---|

TO *(insert name of party being served):* CHAD ELIE

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: February 26, 2010

ROBERT NIX
_____
(TYPE OR PRINT NAME)



(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☒  A copy of the summons and of the complaint
2. ☐  Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:  March 4, 2010

_____ CHAD ELIE
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Form Adopted for Mandatory se<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]

Page 1 of 1

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code. of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.USCourtForms.com

exhibit H PG 29

## PROOF OF SERVICE

*Bloosky Interactive, LLC v. Viable Marketing Corp., et al.*

STATE OF CALIFORNIA, COUNTY OF ORANGE

  I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

  On March 29, 2010, I served the following document(s) described as **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Tiffany A. Kahnen, Esq.     Attorneys For Plaintiff
Bloosky Interactive, LLC     BLOOSKY INTERACTIVE, LLC
9 Pasteur, Suite 100
Irvine, California 92618
TEL:  (866) 637-7220
FAX:  (888) 465-7166

[X] **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

[ ] **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

[ ] **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet.  Said transmission was reported complete and without error.

[ ] **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

[ ] **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

[X] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 29, 2010, at Irvine, California.

*Rebecca L Espinosa*
REBECCA L. ESPINOSA

Exhibit H Pg 30

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT I TO PETITION AND NOTICE OF REMOVAL**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TIFFANY ANN KAHNEN, STATE BAR NO. 254399<br>BLOOSKY INTERACTIVE, LLC<br>9 Pasteur, Suite 100<br>Irvine, CA  92618<br>  TELEPHONE NO.: (866) 637-7220    FAX NO. *(Optional)*:  (888) 465-7166<br>E-MAIL ADDRESS *(Optional)*:<br>  ATTORNEY FOR *(Name)*:  BLOOSKY INTERACTIVE, LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
  STREET ADDRESS:  700 Civic Center Drive West
  MAILING ADDRESS:  700 Civic Center Drive West
  CITY AND ZIP CODE:  Santa Ana, CA 92701
  BRANCH NAME:  Central Justice Center

PLAINTIFF/PETITIONER: BLOOSKY INTERACTIVE, LLC

DEFENDANT/RESPONDENT: VIABLE MARKETING CORP. dba VIEW MARKETING,
    CHAD ELIE, DJ KILGORE and DOES 1 through 10.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2009-00328685 |
|---|---|

TO *(insert name of party being served)*: DJ KILGORE

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 26, 2010

ROBERT NIX
────────────────────────
      *(TYPE OR PRINT NAME)*

▶

────────────────────────
      *(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)*

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☒  A copy of the summons and of the complaint.
2. ☐  Other *(specify)*:

*(To be completed by recipient)*:

Date this form is signed: **March 8, 2010**

──────────── DJ KILGORE
    TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY
    ON WHOSE BEHALF THIS FORM IS SIGNED)

▶

────────────────────────
    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory se
Judicial Council of California
POS-015 [Rev. January 1. 2005]

Page 1 of 1

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

Exhibit I Pg 31

## PROOF OF SERVICE

*Bloosky Interactive, LLC v. Viable Marketing Corp., et al.*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On March 29, 2010, I served the following document(s) described as **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Tiffany A. Kahnen, Esq.  
Bloosky Interactive, LLC  
9 Pasteur, Suite 100  
Irvine, California 92618  
TEL:  (866) 637-7220  
FAX:  (888) 465-7166

Attorneys For Plaintiff  
BLOOSKY INTERACTIVE, LLC

☒ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐ **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 29, 2010, at Irvine, California.

*Rebecca L Espinosa*  
REBECCA L. ESPINOSA

PAYNE & FEARS LLP  
ATTORNEYS AT LAW  
4 PARK PLAZA, SUITE 1100  
IRVINE, CA 92614  
(949) 851-1100

NOTICE AND ACKNOWLEDGMENT OF RECEIPT – CIVIL

Exhibit I Pg 32

**EXHIBIT J TO PETITION AND NOTICE OF REMOVAL**

1   Sean A. O'Brien, Bar No. 133154
    sao@paynefears.com
2   PAYNE & FEARS, LLP
    4 Park Plaza, Suite 1100
3   Irvine, CA 92614
    Telephone: (949) 851-1100
4   Facsimile: (949) 851-1212

5   Attorney for Defendants
    VIABLE MARKETING CORP. dba
6   VIEW MARKETING and CHAD ELIE

7

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                   **ORANGE COUNTY – CENTRAL JUSTICE CENTER**
9

10  BLOOSKY INTERACTIVE, LLC, a Nevada          CASE NO. 30-2009-00328685
    limited liability company,
11                                              Judge Francisco F. Firmat, Dept. C15
                      Plaintiff,
12                                              **ANSWER OF VIABLE MARKETING**
                                                **CORP. dba VIEW MARKETING AND**
13         v.                                   **CHAD ELIE TO UNVERIFIED**
                                                **COMPLAINT FOR DAMAGES**
14  VIABLE MARKETING CORP. dba VIEW
    MARKETING, a Florida corporation; CHAD
15  ELIE, an individual, DJ KILGORE, an
    individual; and DOES 1 through 10, inclusive,
16
                      Defendants.
17

18

19         Defendants VIABLE MARKETING CORP. dba VIEW MARKETING and CHAD

20  ELIE, on behalf of themselves and no other defendants, hereby answer the Complaint filed by

21  Plaintiff Bloosky Interactive, LLC ("Bloosky") as follows:

22

23                                  **GENERAL DENIAL**

24         Defendants VIABLE MARKETING CORP. dba VIEW MARKETING ("Viable")

25  and Chad Elie ("Elie"), deny, generally and specifically, each and every allegation of the

26  unverified Complaint pursuant to Section 431.30 of the California Code of Civil Procedure.

27  Viable and Elie further deny, generally and specifically, that Bloosky is entitled to any relief or

28

                                                             Exhibit J pg 33

_____
                                      ANSWER

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 02 2010

ALAN CARLSON, Clerk of the Court

BY_____N. LAU_____,DEPUTY

1   that Bloosky has suffered damages in the amount prayed, or at all, by reason of any act or

2   omission on the part of Viable or Elie, or on the part of any of their agents or employees.

3

4                                **AFFIRMATIVE DEFENSES**

5          Viable and Elie further assert the following separate and additional defenses:

6

7                           FIRST AFFIRMATIVE DEFENSE

8                        (Failure To State a Cause of Action)

9          1.      The Complaint, and each cause of action therein, fails to state facts

10  sufficient to constitute a claim upon which relief may be granted against Viable or Elie.

11

12                         SECOND AFFIRMATIVE DEFENSE

13                                   (Waiver)

14         2.      Bloosky has waived the right, if any, to pursue any of the causes of action

15  alleged in the Complaint by reason of its own actions and course of conduct.

16

17                          THIRD AFFIRMATIVE DEFENSE

18                                 (No Damages)

19         3.      Bloosky was not damaged in the sum or manner alleged, or in any sum or

20  manner at all, by Viable or Elie.

21

22                         FOURTH AFFIRMATIVE DEFENSE

23                          (Failure to Mitigate Damages)

24         4.      Bloosky's failure to mitigate its alleged damages bars each and every claim

25  for damages, in whole or in part.

26

27

28

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1    <u>FIFTH AFFIRMATIVE DEFENSE</u>

2                          (Estoppel)

3          5.      Bloosky's Complaint, and each cause of action therein, is barred in whole

4    or in part, by the doctrine of estoppel.

5

6    <u>SIXTH AFFIRMATIVE DEFENSE</u>

7                     (Comparative Negligence)

8          6.      If Bloosky suffered any loss, injury, damage or detriment as alleged in the

9    Complaint, the loss, injury, damage, or detriment was caused and contributed to by Bloosky's

10   actions in that Bloosky did not exercise ordinary care on its own behalf, and Bloosky's own

11   actions and omissions proximately caused and contributed to the loss, injury, damage, or detriment

12   Bloosky alleges; thus Bloosky's recovery, if any, should be reduced in proportion to the

13   percentage of Bloosky's negligence or in proportion to its fault.

14

15   <u>SEVENTH AFFIRMATIVE DEFENSE</u>

16                          (Laches)

17         7.      Bloosky's Complaint, and each cause of action therein, is barred by the

18   doctrine of laches.

19

20   <u>EIGHTH AFFIRMATIVE DEFENSE</u>

21                   (Failure of Consideration)

22         8.      Bloosky's Complaint, and each cause of action therein, is barred due to

23   failure of consideration.

24

25

26

27

28

PAINE & PAINE LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Consideration)

9.     Bloosky's Complaint, and each cause of action therein, is barred due to lack of consideration.

## TENTH AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

10.     Bloosky's Complaint, and each cause of action therein, is barred because enforcement of the alleged contract would contravene the purpose of the alleged agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Prior Material Breach)

11.     Bloosky's Complaint, and each cause of action therein, is barred due to Bloosky's prior material breach of the alleged contract.

## TWELFTH AFFIRMATIVE DEFENSE

### (Offset)

12.     If Bloosky suffered any loss, injury, damage or detriment due to Viable's or Elie's acts or omissions, Bloosky's recovery, if any, should be offset against any and all monies that Bloosky owes Viable or Elie and/or monies that Viable or Elie have already paid but for which they have not been credited.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Acts of Others)

13.     If Bloosky sustained any loss, injury, damage, or detriment, such loss, injury, damage, or detriment was actually and proximately caused or contributed to by the acts,

-4-
ANSWER

representations, or omissions of persons or entities other than Viable and Elie and for whose actions, representations, and omissions Bloosky is or may have been legally responsible.

FOURTEENTH AFFIRMATIVE DEFENSE

(Impossibility)

14.    Bloosky's Complaint, and every cause of action therein, is barred due to impossibility of performance.

FIFTEENTH AFFIRMATIVE DEFENSE

(Prevention of Performance)

15.    Bloosky's Complaint, and every cause of action therein, is barred because Bloosky has prevented and continues to prevent Viable's performance.

SIXTEENTH AFFIRMATIVE DEFENSE

(Abandonment)

16.    Bloosky's Complaint, and every cause of action therein, is barred due to Bloosky actions, representations or omissions which indicated its abandonment or intent to abandon the alleged contract.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Rescission)

17.    Bloosky's Complaint, and every cause of action therein, is barred because the alleged contract should be rescinded due to Bloosky's fraud, misrepresentation, or concealment, or due to the parties' mutual mistake.

Exhibit _J_ Pg. _37_

-5-

ANSWER

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

18.   Bloosky's Complaint, and each cause of action therein, is barred due to the failure of a condition precedent.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Breach of Express Warranty)

19.   Bloosky's Complaint, and each cause of action therein, is barred due to Bloosky's breach of an express warranty.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Breach of Implied Warranty)

20.   Bloosky's Complaint, and each cause of action therein, is barred due to Bloosky's breach of an implied warranty.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

21.   Bloosky's Complaint, and each cause of action therein, is barred by the doctrine of unclean hands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Consent)

22.   Bloosky's Complaint, and each cause of action therein, is barred because Bloosky consented to the alleged conduct.

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Elie Not "Alter Ego" or Party to Contract)

23.    Bloosky's Complaint, and each cause of action therein, is barred to Elie because Elie is not a party to the contract alleged, nor is he the alter ego of Viable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

24.    Viable and Elie reserve their right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are available to them.

## **PRAYER**

WHEREFORE, Viable and Elie pray as follows:

1.    That judgment be entered in favor of Viable and Elie and against Bloosky;

2.    That Bloosky's Complaint be dismissed in its entirety with prejudice;

3.    That Viable and Elie be awarded their contractual attorney's fees and costs under California Civil Code § 1717; and

4.    For such other and further relief as the Court deems just and proper.

DATED: April __, 2010          PAYNE & FEARS LLP

By: _____
                SEAN A. O'BRIEN

Attorney for Defendants
VIABLE MARKETING CORP. dba
VIEW MARKETING and CHAD ELIE

Exhibit _I_ Pg 39

-7-

## PROOF OF SERVICE

*Bloosky Interactive, LLC v. Viable Marketing Corp., et al.*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On April 2, 2010, I served the following document(s) described as **ANSWER OF VIABLE MARKETING CORP. dba VIEW MARKETING AND CHAD ELIE TO UNVERIFIED COMPLAINT FOR DAMAGES** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope as follows:

Tiffany A. Kahnen, Esq.              Attorneys For Plaintiff
Bloosky Interactive, LLC             BLOOSKY INTERACTIVE, LLC
9 Pasteur, Suite 100
Irvine, California 92618
TEL:  (866) 637-7220
FAX:  (888) 465-7166

[X] **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

[ ] **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

[ ] **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

[ ] **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

[ ] **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

Exhibit J Pg 40

1  ☒  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

2

3  Executed on April 2, 2010, at Irvine, California.

4  *Rebecca L Espinosa*

REBECCA L. ESPINOSA

**EXHIBIT K TO PETITION AND NOTICE OF REMOVAL**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 02 2010

ALAN CARLSON, Clerk of the Court

BY:_____ N. LAU _____,DEPUTY

1    Sean A. O'Brien, Bar No. 133154
     sao@paynefears.com
2    PAYNE & FEARS, LLP
     4 Park Plaza, Suite 1100
3    Irvine, CA 92614
     Telephone: (949) 851-1100
4    Facsimile: (949) 851-1212

5    Attorney for Defendants
     VIABLE MARKETING CORP. dba
6    VIEW MARKETING and CHAD ELIE

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
             ORANGE COUNTY – CENTRAL JUSTICE CENTER
9

10   BLOOSKY INTERACTIVE, LLC, a Nevada       CASE NO. 30-2009-00328685
     limited liability company,
11                                            Judge Francisco F. Firmat, Dept. C15
                    Plaintiff,
12                                            CROSS-COMPLAINT ON BEHALF OF
           v.                                 VIABLE MARKETING CORP. dba
13                                            VIEW MARKETING FOR:
     VIABLE MARKETING CORP. dba VIEW
14   MARKETING, a Florida corporation; CHAD   1) BREACH OF CONTRACT
     ELIE, an individual, DJ KILGORE, an      2) RESCISSION AND RESTITUTION
15   individual; and DOES 1 through 10, inclusive,  3) NEGLIGENCE

16                  Defendants.

17

18   VIABLE MARKETING CORP. dba VIEW
     MARKETING, a Florida corporation,
19
                    Cross-Complainant,
20
           v.
21
     BLOOSKY INTERACTIVE, LLC, a Nevada
22   limited liability company, and ROES 1 through
     10, inclusive.
23
                    Cross-Defendants.
24

25

26

27                                            Exhibit K PG 42

28

     ─────────────────────────────────────────────────
                        CROSS-COMPLAINT

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## CROSS-COMPLAINT

Defendant and Cross-Complainant, VIABLE MARKETING CORP. dba VIEW MARKETING, on behalf of itself and no other entity or person, alleges as follows:

## THE PARTIES

1.     Viable is, and at all times relevant to the matters alleged herein was, a Florida corporation with its principal place of business in Clearwater, Florida.

2.     Bloosky Interactive, LLC is, and at all times relevant to the matters alleged herein was, a Nevada limited liability company with its principal place of business in Orange County, California.

3.     Viable is unaware of the true names and capacities of Cross-Defendants Roes 1 through 10, inclusive, but is informed and believes, and on that basis alleges, that each fictitiously named Cross-Defendant was the agent or employee of Bloosky and was acting within the course and scope of such agency or employment, or took some part, directly or through the Cross-Defendant's agents or employees, in the acts or omissions alleged herein, and is liable to Viable for the relief prayed for herein.  Viable will amend this Cross-Complaint to insert the true names and capacities of these fictitiously named Cross-Defendants when they have been ascertained.

## GENERAL ALLEGATIONS

4.     Viable is a Florida corporation that sells web-based business opportunity programs.

5.     In order to market its programs effectively on the Internet, Viable entered into a written advertising contract with Bloosky.  The contract, also known as an "Insertion

Exhibit K Pg. 43

-2-

CROSS-COMPLAINT

1    Order," was executed on or about July 1, 2009 and had an effective date of June 29, 2009.  A true

2    and correct copy of the Insertion Order is attached hereto as Exhibit A and incorporated by

3    reference.

4

5            6.      Under the terms of the Insertion Order, Bloosky agreed to provide

6    advertising services in connection with Viable's "Google Exclusive" advertising campaign.

7    Specifically, Bloosky agreed to market Viable's work-from-home business opportunity through

8    various means, including e-mail marketing, search marketing and banner ads.  In addition,

9    Bloosky agreed to use its own tracking system to track consumer "actions," such as sales or

10   registrations.  The data would then be used to compute the amounts owed by and billed to Viable.

11   (Exhibit A at 4 (No. 2).)

12

13           7.      Viable is informed and believes, and on that basis alleges, that Bloosky

14   represented to Viable that Bloosky and its agents and/or employees had significant experience and

15   specialized knowledge with respect to the provision of Internet advertising services described

16   herein.

17

18           8.      For its part, Viable agreed to pay Bloosky $43.00 for each action or sale.

19   Exhibit A at 6.  Viable agreed to pre-pay $21,500.00 for the first 500 sales and, after that, to

20   purchase 2,000 to 5,000 sales per day if – and only if – Viable deemed sales to be satisfactory.

21   (Exhibit A at 6.)

22

23           9.      The Insertion Order specified that Bloosky was to invoice Viable on a

24   weekly basis and that Viable was to remit payment in full within seven days of the invoice date.

25   (Exhibit A at 4 (No. 3).)

26

27

28

Exhibit K Pg 44

-3-

PAINE & LAND LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 551-1100

10.     By executing the Insertion Order, both parties "represent[ed] and warrant[ed] that [they would] fully comply with all applicable laws, rules and regulations with respect to [their] respective business[es], including, but not limited to, the CAN-SPAM Act of 2003, and laws regulating deceptive trade practices and advertising." (Exhibit A at 4 (No. 5).)

11.     Viable is informed and believes, and on that basis alleges, that Bloosky employed deceptive advertising techniques without Viable's knowledge or approval in order to inflate sales volumes and thereby increase its revenues from the Google Exclusive ad campaign.

12.     Viable is informed and believes, and on that basis alleges, that Bloosky provided Internet advertising and a landing page for Viable's product in contravention of federal, state, and local law.

13.     Viable is informed and believes, and on that basis alleges, that Bloosky engaged in deceptive advertising by posting blog advertising sites without Viable's knowledge or approval.  Notably, the blog sites made misleading claims about the work-from-home product.

14.     Additionally, Bloosky's landing page for Viable's product did not provide consumers an opportunity to review the Terms and Conditions of sale until after the consumer had registered and paid for the work-from-home program.  Similarly, Bloosky's landing page did not provide notice to consumers that the program included a negative option.  As a result, consumers who enrolled for a seven-day trial of the product did not know that, after seven days, their trial membership would convert to full membership status, for which they would be charged a monthly fee.

15.     Viable did not know that Bloosky had designed and/or revised the landing page to conceal material terms and conditions of sale from consumers.  Indeed, Viable reasonably

PAINE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-4-

Exhibit K Pg 45

relied on Bloosky's representation that it would perform under the contract in accordance with "all applicable laws, rules and regulations . . . including . . . laws regulating deceptive trade practices and advertising." (Exhibit A at 4 (No. 5).)

16.     Viable is informed and believes, and on that basis alleges, that on or before September 3, 2009, Bloosky, or an agent or employee of Bloosky acting within the scope of agency or employment, sold Viable's consumer data to one or more third-party telemarketers who used the data to target Viable's customers for unrelated ad campaigns.

17.     Paragraph 5 of the Insertion Order expressly prohibits either party from the "use or disclos[ure] of any Confidential Information to any person, firm, corporation, association, or any other person or entity for any reason or purpose whatsoever, directly or indirectly, except as required to perform their respective duties" under the Insertion Order or as required or permitted by law.  (Exhibit A at 5 (No. 5).)

18.     From on or about June 29, 2009, to on or about August 21, 2009, Viable timely paid all amounts invoiced by Bloosky for the Google Exclusive ad campaign.

19.     In or about August 2009, consumers began contacting Viable's customer service representatives to complain about affirmative misstatements and/or omissions with respect to the content of advertisements and/or the landing page for Viable's product as well as unauthorized charges to the consumers' credit cards.

20.     Consumers complained that when clicking on e-mail links, search-result links and banner ads associated with the Google Exclusive campaign, they were charged either $1.95, $1.97, or $1.99 for a compact disk or online kit they never received.  Customers further

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Exhibit K Pg. 46

-5-

1    complained that, after expiration of the seven-day trial, they were charged a monthly subscription

2    fee they had never approved.

3

4         21.     On or about August 21, 2009, Viable notified Bloosky that its advertising

5    and landing page for the "Google Exclusive" campaign were in violation of federal and state law

6    and therefore unacceptable.

7

8         22.     Viable stated that it could not accept any more of Bloosky's sales due to

9    Bloosky's improper sales tactics and demanded that Bloosky make specific corrections to the

10   relevant landing pages prior to midnight on Monday, August 24, 2009. Among other

11   requirements, Viable instructed Bloosky that the offer text for the money-making product should

12   be "clearly legible" and placed "above or right below the submit button," as required by Federal

13   Trade Commission regulations. Viable further instructed that the above-referenced text should

14   include an express disclosure regarding the billing terms of the "up sell."

15

16        23.     Finally, in its correspondence to Bloosky dated August 21, 2009, Viable

17   provided notice that it was concerned about the business it had received up to that time and that

18   the company would be providing refunds to any and all consumers who requested them.

19

20        24.     In order to ameliorate the consequences of Bloosky's improper sales tactics,

21   Viable has provided full refunds to all consumers who have requested them.

22

23        25.     As a direct result of Bloosky's use of improper sales tactics in contravention

24   of the Insertion Order, Viable has sustained financial injury as well as business and reputational

25   damage.

26

27

28

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-6-

Exhibit K Pg. 47

# FIRST CAUSE OF ACTION

(Breach of Contract)

26.     Viable realleges the allegations in paragraphs 1-25, inclusive, and incorporates them by reference as though fully set forth herein.

27.     On or about July 1, 2009, Viable and Bloosky executed an Insertion Order according to which Bloosky was to provide advertising services in connection with Viable's "Google Exclusive" ad campaign.

28.     By executing the Insertion Order, Bloosky represented and warranted that it would fully comply with all applicable laws, rules and regulations with respect to its business, including laws regulating deceptive trade practices and advertising.

29.     Viable is informed and believes, and on that basis alleges, Bloosky engaged in a prior material breach of the Insertion Order by, among other things:

    a.   running Internet advertisements for the Google Exclusive campaign, including blog advertising sites, that made misleading claims about Viable's work-from-home product;

    b.   hosting landing pages for the Google Exclusive campaign that contravened Viable's policies as well as federal, state and local law; and

    c.   selling consumer data to third-party telemarketers in contravention of the Insertion Order.

30.     Viable performed as required under the contract until on or about August 2009, when Viable first learned of Bloosky's prior material breach.

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Exhibit K Pg. 48

31.    As a direct and proximate result of Bloosky's prior material breach, Viable has sustained loss, injury, damage, and detriment, including general damages, business and reputational damage and lost profits on sales that Viable has refunded aggrieved consumers.

## SECOND CAUSE OF ACTION

(Rescission and Restitution)

32.    Viable hereby realleges the allegations in paragraphs 1-31, inclusive, and incorporates them by reference as though fully set forth herein.

33.    Viable will suffer substantial harm and injury under the contract if it is not rescinded.  Indeed, Viable has received numerous consumer complaints and requests for refunds as a result of Bloosky's conduct.  Viable has been deprived of the bargain because Bloosky has provided advertising services that were substantially inferior to the services Viable bargained and paid for.

34.    Viable intends service of the summons and cross-complaint in this action to serve as notice of rescission of the contract and hereby demands that Bloosky restore the consideration furnished by Viable – specifically, the initial payment of $21,500.00 and additional payments Viable made for sales up to August 2009.  Moreover, Viable hereby demands consequential damages, including cost associated with processing related chargebacks, as well as damages for business and reputational damage in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

(Negligence—Common Law)

35.    Viable hereby realleges the allegations in paragraphs 1-34, inclusive, and incorporates them by reference as though fully set forth herein.

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-8-

Exhibit K Pg 49

36.   Bloosky owed Viable a duty of care with respect to the provision of advertising services for Viable's "Google Exclusive" ad campaign.

37.   Bloosky breached its duty of care by providing advertising services in contravention of industry standards as well as federal, state and local law, including laws governing deceptive trade practices and advertising.

38.   As a proximate and foreseeable result of Bloosky's negligence, Viable has suffered pecuniary loss as well as business and reputational damage.

## PRAYER

WHEREFORE, Viable prays as follows:

1.   That this Court declare that the contract has been breached and that Viable is entitled to rescission or restition and damages;

2.   That judgment be entered in favor of Viable and against Bloosky;

3.   That Bloosky's Complaint be dismissed in its entirety with prejudice;

4.   That Bloosky be ordered to pay the following sums:

    a.   the consideration paid by Viable in the sum of $21,500.00, with interest thereon at the highest rate permitted by law;

    b.   additional sums Viable paid Bloosky in connection with the Google Exclusive advertising campaign; and

    c.   all other compensatory damages resulting from Bloosky's breach of contract and/or negligence.

5.   That Viable be awarded its contractual attorney's fees and costs under California Civil Code § 1717; and

6.   For such other and further relief as the Court deems just and proper.



DATED: April___, 2010

PAYNE & FEARS LLP

By: _____

SEAN A. O'BRIEN

Attorney for Defendant and Cross-Complainant
VIABLE MARKETING CORP. dba
VIEW MARKETING

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Exhibit K Pg 51

-10-

1

## INDEX OF EXHIBITS

2

3     EXHIBIT "A"                               Insertion Order executed on or about July 1, 2009

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit K pg 52

# EXHIBIT A TO CROSS-COMPLAINT



# bloosky interactive ▶ bloosky.com

PO Box 1941
Orem, Utah 84059
Office: (888) 637-7074 / Fax: (888) 308-4428
Credit Application – Confidential

## General Information

| Office Address: | | | Billing Address: | | |
|---|---|---|---|---|---|
| Company Name Viable Marketing Corp | | | Company Name | | |
| Dba | | | | | |
| Street Address 13144 park blvd | | | Street Address | | |
| City Seminole | State FL | Zip 33776 | City | State | Zip |
| Telephone 727-638-3676 | | | Does State, County or City Require a License?  ☐ Yes  ☒ No | | |
| Email chad@itsviable.com | | | If Yes, License # | | |

| Company Composition   Individual ☐   Partnership ☐   LLC ☐   Corporation ☒   Other ☐ | State of Incorporation Florida | |
|---|---|---|
| Dun & Bradstreet No. | At Present Location Since Date 08 | Are Premises leased? ☒ Yes  ☐ No | Credit Amount Desired NA |
| Type of Business Online Marketing | (Other and/or Previous Web Sites) | |
| Date in Business 2007 | Number of EEs | Tax ID Number (FEI#) | Applicable Tax Exemption Number |

## Owner/Officer's Information

| Name David Kilgore | Title or Capacity CTO | | |
|---|---|---|---|
| Home Address 11310 114th Ave | City Largo | State FL | Zip 33778 |
| Social Security 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 | Telephone | | |

## Bank Information

| Bank Name Bank Of America | Branch Name | Bank Contact Officer | Telephone |
|---|---|---|---|
| Bank Address | City Seminole | State FL | Zip | Type of Account and Account No. |

## Mortgage Holder/Landlord Information

| Bank Name | Branch Name | Bank Contact Officer | Telephone |
|---|---|---|---|
| Bank Address | City | State | Zip | Type of Account and Account No. |

## Trade References

| Name Iworks | Fax |
|---|---|
| Address | Telephone 435-229-8461 |
| City | State | Zip | Contact Name Jeremy Johnson |
| Name Selling Source | Fax |
| Address | Telephone 702-407-0707 |
| City Las Vegas | State NV | Zip | Contact Name Derek Lafavor |
| Name Partner Weekly | Fax |
| Address | Telephone 702-768-9772 |
| City Las Vegas | State NV | Zip | Contact Name Joe Lilly |

## Acceptance and Approval

Signing this agreement indicates your acceptance of the terms and conditions as stated.  In addition, you further authorize **Bloosky Interactive** to obtain credit reports on each individual listed above as owner, partner, principal officer, shareholder or member.  I represent and warrant that the information provided in this credit application is correct, complete and not misleading in any way.

| Name of Authorized Representative        David Kilgore | Title or Position CTO | |
|---|---|---|
| Signature | Telephone 727-638-3676 | Date 7-8-2009 |

Exhibit K  Pg. 54

# ➤ insertion order

201 avenida fabricante, suite 100
san clemente, ca 92672
bloosky account executive
Sal Guarino
o.  888.225.9439 ext. 1099
f.  888.403.4085
e.  salg@bloosky.com

## advertiser information

| | |
|---|---|
| advertiser:  Viable Marketing | billing contact: |
| advertiser contact:  Chad Elie | address: |
| address:  13144 Park Blvd | address2: |
| address2: | city, state, zip: |
| city, state, zip:  Seminole, FL 33776 | phone: |
| phone:  727-465-4286 | fax: |
| fax:        727-213-6216 | email: |
| email:  chad@itsviable.com | |

## campaign specifics > *check all that apply.*

| | |
|---|---|
| campaign name:  Google Exclusive | ☒ hosted |
| qualifying action: | ☐ non-hosted |
| payment terms:  Weekly Net 7 | ☐ exclusive |
| start date:    06  / 29   /2009  - end date:  ___/____/____ | |
| cpa:  $43 | |

## media

| media | suppression file retrieval |
|---|---|
| ☒ email | ☐ email weekly |
| ☒ search | ☐ download via link |
| ☒ banners | ☐ download via log-in |
| ☐ contextual | |
| ☐ other: ___ | |

## special notes:

I-Works is agreeing to pre-pay for 500 sales. If sales are satisfactory I-Works agrees to purchase 2000 to 5000 sales per day.

## > authorized signatures

**today's date:** 06/29/2009
**> bloosky interactive**

Signature > _____

Title > _____

**today's date:** 6, 7, 09
**> advertiser**

Signature > _____

Printed Name > _____

bloosky interactive ➤ bloosky.com

Exhibit K Pg 55

*Important note: Advertiser agrees to the Terms and Conditions attached to this document. This agreement may be executed via facsimile and in counterparts.*

**please fax signed insertion order to:**

# advertiser terms & conditions

## > terms and conditions

These Terms and Conditions shall govern this Insertion Order (the "IO"), which is entered into as of the date on the signature page above by and between Bloosky Interactive ("Bloosky") and the Advertiser identified above (collectively, the "Parties"). The Parties expressly agree that this IO shall solely govern their relationship and that any Terms and Conditions on Advertiser's website ("Advertiser's Terms") shall not be null, void and non-binding on either Party despite any actions indicating consent to or acceptance of Advertiser's Terms, including, but not limited to, Bloosky clicking a button on Advertiser's website suggesting acceptance of Advertiser's Terms.

## > 1. advertising services

Advertiser shall provide Bloosky with its advertisement, which must include all creative and substantive materials required to market the offer, including (i) all product and/or service descriptions, (ii) graphic images and/or logos, (iii) email from and subject lines, (iv) language and text for the advertisement, (v) links, (vi) key words and (vii) any and all other creative content.

Advertiser grants to Bloosky, including its third party publishers and affiliates, a worldwide, royalty-free license to use, reproduce, display, publicly perform, transmit, distribute, and promote the advertisement, including any and all trademarks, service marks, trade dress, logos, copyrights, publicity rights or other intellectual property utilized in the Advertisement.

Advertiser shall maintain an email suppression file ("suppression file") as required by the CAN-SPAM Act of 2003, in order to remove consumers who have "opted out" of receiving future advertisements from Advertiser. Along with its advertisement, Advertiser shall provide Bloosky with its current suppression file in the manner provided above. Afterwards, on a recurring basis, Advertiser shall provide Bloosky with an updated suppression file, in the manner provided above, on every fifth (5) calendar day thereafter, or sooner. Advertiser shall permit Bloosky to "seed" Advertiser's suppression data in order to ensure that consumers who have opted out of receiving advertisements from Advertiser are indeed removed.

Along with this IO, Advertiser shall provide Bloosky with a copy of its Privacy Policy and Terms of Use. In the event Advertiser modifies or changes its Privacy Policy or Terms of Use, Advertiser shall provide written notice to Bloosky, along with a copy of the modified Privacy Policy and/or Terms of Use, at least seven (7) business days prior to Advertiser's implementation of the modified Privacy Policy and/or Terms of Use.

Advertiser shall provide Bloosky with written notice of any proposed changes to or replacement of an advertisement (including any images or links) or landing page at least three (3) business days prior to the change or replacement.

Upon request, Advertiser shall provide Bloosky with any and all documentation that supports any claims made in an advertisement within five (5) business days of the request. Thereafter, Advertiser shall cooperate with any follow-up questions by Bloosky relating to such documentation, including, but not limited to, making available any and all of Advertiser's employees who are involved with, knowledgeable of or responsible for any claims made in an advertisement or the documentation supporting such claims. Advertiser acknowledges that any delays by it in fulfilling its obligations set forth in this paragraph will delay Bloosky's ability to place an advertisement on its network.

Bloosky's sole obligation shall be to place the advertisement on its network, subject to the provisions of this IO. Bloosky has advised Advertiser, and Advertiser acknowledges, that Bloosky's affiliates and independent contractors participating in its network are not obligated to carry, transmit, market or publish any advertisement. Accordingly, placement of an advertisement shall be subject to the right of any affiliate or independent contractor to decline any advertisement.

Bloosky expressly reserves the right to refuse or cease to deliver any advertisement, or cancel any IO, that it deems, in its sole discretion, is inappropriate for any reason or no reason.



Upon Advertiser's request, Bloosky may assist Advertiser in the creation and development of creative materials and/or a landing page, and host Advertiser's landing page. Advertiser shall have final control over any such creative materials that Bloosky helps create or develop, and may modify, alter or change any such creative materials or landing page; provided, that such rights shall remain subject to the terms contained herein, including, but not limited to, Bloosky's right to refuse to deliver an advertisement, and Advertiser's obligation to notify Bloosky of any changes to creative materials or a landing page after a campaign begins. Advertiser shall be solely responsible for the creative materials and landing page, and Bloosky disclaims any and all warranties related to any creative materials or landing pages provided to Advertiser, including, but not limited to, any warranty that the creative materials or landing page comply with applicable laws, rules or regulations. Advertiser agrees to hold Bloosky harmless and indemnify Bloosky from any and all claims that arise from or relate to any creative materials or landing page.

## > 2. tracking of campaigns

Bloosky utilizes a tracking system that will log consumer responses and report actions by URL, Origin ID, or Affiliate ID code. The information collected by Bloosky's tracking system will be used to compute the amounts owed by and billed to Advertiser.

In the event Advertiser disputes an action or claims that an action is invalid or non-viable, it shall return the disputed action within five (5) business days after receipt of the disputed action, along with a written explanation of Advertiser's rationale for rejecting an action, which shall include at a minimum, for each disputed action: (i) date and time submitted, (ii) IP address, (iii) Order ID, (iv) Sub ID, (v) referring URL (if available); (vi) reason for decline, (vii) contact information, (viii) address information, (ix) email address, (x) telephone number (if applicable), and (xi) credit card number (if applicable). Bloosky shall, in good faith, consider such documentation, but shall have final authority in determining the total count of actions for billing purposes. Failure to raise a complete and timely objection shall waive any such objections.

## > 3. payment and invoices

Advertiser shall pay Bloosky for advertising published by Bloosky on a cost per action or "CPA" basis in accordance with the terms of this IO. Bloosky shall submit invoices to Advertiser on a weekly basis. On or before the seventh (7th) calendar day following the date of an invoice, Advertiser shall remit payment by wire transfer or check to Bloosky, at the address listed above, unless otherwise set forth on page one of this IO.

In the event Advertiser fails to pay all or a portion of an amount due in an invoice, Bloosky may immediately remove any and all of Advertiser's advertisements without notice. Payments not made within thirty (30) days following the date of an invoice shall accrue interest at a rate of 1.5% per month or the maximum allowed by law, whichever is less.

In the event Bloosky incurs expenses arising from or related to collection of any outstanding balance, Advertiser shall pay Bloosky's reasonable expenses associated with the collection, including, without limitation, reasonable attorneys' fees and costs, and collection agency's fees and costs.

## > 4. term and termination

This IO shall continue for the term set forth above, provided that either Party may terminate this IO upon ten (10) business days prior written notice. Either Party may terminate this IO immediately in the event of a material breach of this IO by the other Party.

Bloosky reserves the right to terminate this IO immediately in the event that: (i) the campaign does not meet minimum campaign performance criteria then currently in place; (ii) Advertiser violates the payment terms set forth herein; (iii) Advertiser's advertisement violates any law, rule or regulation; or (iv) Bloosky is required, by law or court order, to cease or terminate Advertiser's advertisement.

## > 5. miscellaneous provisions

Each Party represents and warrants it has the power, right and authority to enter into this IO; to grant the rights and licenses granted herein; and to perform the acts required in this IO. Each Party represents and warrants that it will fully comply with all applicable laws, rules and regulations with respect to its respective business, including, but not limited to, the CAN-SPAM Act of 2003, and laws regulating deceptive trade practices and advertising.

Advertiser represents and warrants that: (i) its advertisement complies with all applicable laws, rules and regulations, including laws governing false or deceptive advertising; (ii) it has a reasonable basis for all claims made within its advertisement and possesses appropriate documentation to substantiate such claims; (iii) Advertiser shall fulfill all commitments made in its advertisement; (iv) no advertisement is targeted to children;

and (v) under no circumstances will the Advertiser provide for the download onto a consumer's site of spyware, malware or similar such harmful software.

During the term of this IO and for six (6) months hereafter, Advertiser shall not knowingly solicit any on-line publisher, Web Site, or email provider that is affiliated with Bloosky, unless a previously existing business relationship between Advertiser and such publisher can be demonstrated.

Both Parties agree to indemnify and hold each other and their respective members, officers, directors, employees and agents (collectively, the "Indemnitees") harmless from and defend each such Indemnitee against any damages, liabilities, losses, taxes, fines, penalties, costs, and expenses (including reasonable attorneys' fees and costs) of any kind or nature whatsoever as the same are or may be incurred to a third party, which may be sustained or suffered by any Indemnitee in connection with any present or future threatened, pending or contemplated investigation, claim, action, suit or proceeding, whether civil, criminal, administrative or investigative, to which any such Indemnitee is or was a party or is threatened to be made a party, and that arises from or is related to a material breach of this IO.

IN NO EVENT SHALL EITHER PARTY BE LIABLE TO THE OTHER FOR ANY INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES OR LOST PROFITS ARISING OUT OF OR RELATING TO THIS IO. With the exception of the indemnity obligation set forth above, willful misconduct and/or fraud, the aggregate liability of the Parties to one another shall not exceed the amounts paid by Advertiser to Bloosky pursuant to this IO.

EXCEPT AS SET FORTH IN THIS AGREEMENT, THERE ARE NO OTHER WARRANTIES, EXPRESS OR IMPLIED HEREUNDER, INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, OR REPRESENTATIONS REGARDING POTENTIAL REVENUES OR ACTIONS.

This IO shall be governed by the laws of the State of California without regard to choice of law rules. The Parties consent to exclusive jurisdiction and venue in the state or federal courts in Orange County, California. In the event of a legal action between the Parties that arises from or relates to this IO, the prevailing Party shall be entitled to recover its reasonable attorneys' fees and costs.

The Parties to the IO are independent contractors. Neither party is an agent, representative, partner or employee of the other party. Neither party will have any right, power, or authority to enter into any agreement on behalf of, or incur any obligation or liability of, or to otherwise bind the other party. The IO will not be interpreted or construed to create an association, agency, joint venture, or partnership between the Parties or to impose any liability attributable to such a relationship upon either party.

The Parties recognize and acknowledge that they have acquired and/or will acquire confidential information and trade secrets (hereafter "Confidential Information") from and/or concerning the other Party, and their parents, subsidiaries, affiliates, and acquired businesses. The Parties shall not, during or after the Term, use or disclose any Confidential Information to any person, firm, corporation, association, or any other person or entity for any reason or purpose whatsoever, directly or indirectly, except as required to perform their respective duties hereunder, or as required or permitted by law. In the event of termination of this IO, whether voluntary or involuntary, and whether initiated by Advertiser or Bloosky, or upon request of Bloosky at any time, the Parties shall deliver to one another all documents and data pertaining to the Confidential Information and shall not take or remove any documents or data of any kind or any reproductions (in whole or in part) or extracts of any items relating to any Confidential Information. Neither Party shall, at any time during or after the term of this IO, use, copy, publish, summarize, or remove from any Confidential Information, except, during the term of this IO, to the extent necessary to carry their respective duties and responsibilities under this IO.

No delay or omission by either Party hereto in exercising any right, power or privilege hereunder shall impair such right, power or privilege, nor shall any single or partial exercise of any such right, power or privilege preclude any further exercise thereof or the exercise of any other right, power or privilege.

This IO contains the entire understanding of the Parties with respect to the terms and conditions of Advertiser's placement of the above referenced advertisement with Bloosky, and supersedes all prior agreements, negotiations and understandings relating to Advertiser's placement of the above referenced advertisement with Bloosky, including any oral or written agreements between Advertiser and Bloosky or its affiliates and/or subsidiaries. This IO cannot be amended or modified except by a written instrument signed by Advertiser and an authorized signatory of Bloosky.

This agreement is non-exclusive for both Parties; either Party may enter similar agreements with third parties.

Exhibit K Pg 58

*important note: Advertiser agrees to the Terms and Conditions attached to this document. This agreement may be executed via facsimile and in counterparts.*

**please fax signed insertion order to:**

# ➤ advertiser terms & conditions

## > terms and conditions

These Terms and Conditions shall govern this Insertion Order (the "IO"), which is entered into as of the date on the signature page above by and between Bloosky Interactive ("Bloosky") and the Advertiser identified above (collectively, the "Parties").  The Parties expressly agree that this IO shall solely govern their relationship and that any Terms and Conditions on Advertiser's website ("Advertiser's Terms") shall not be null, void and non-binding on either Party despite any actions indicating consent to or acceptance of Advertiser's Terms, including, but not limited to, Bloosky clicking a button on Advertiser's website suggesting acceptance of Advertiser's Terms.

## > 1. advertising services

Advertiser shall provide Bloosky with its advertisement, which must include all creative and substantive materials required to market the offer, including (i) all product and/or service descriptions, (ii) graphic images and/or logos, (iii) email from and subject lines, (iv) language and text for the advertisement, (v) links, (vi) key words and (vii) any and all other creative content.

Advertiser grants to Bloosky, including its third party publishers and affiliates, a worldwide, royalty-free license to use, reproduce, display, publicly perform, transmit, distribute, and promote the advertisement, including any and all trademarks, service marks, trade dress, logos, copyrights, publicity rights or other intellectual property utilized in the Advertisement.

Advertiser shall maintain an email suppression file ("suppression file") as required by the CAN-SPAM Act of 2003, in order to remove consumers who have "opted out" of receiving future advertisements from Advertiser. Along with its advertisement, Advertiser shall provide Bloosky with its current suppression file in the manner provided above.  Afterwards, on a recurring basis, Advertiser shall provide Bloosky with an updated suppression file, in the manner provided above, on every fifth (5) calendar day thereafter, or sooner.  Advertiser shall permit Bloosky to "seed" Advertiser's suppression data in order to ensure that consumers who have opted out of receiving advertisements from Advertiser are indeed removed.

Along with this IO, Advertiser shall provide Bloosky with a copy of its Privacy Policy and Terms of Use.  In the event Advertiser modifies or changes its Privacy Policy or Terms of Use, Advertiser shall provide written notice to Bloosky, along with a copy of the modified Privacy Policy and/or Terms of Use, at least seven (7) business days prior to Advertiser's implementation of the modified Privacy Policy and/or Terms of Use.

Advertiser shall provide Bloosky with written notice of any proposed changes to or replacement of an advertisement (including any images or links) or landing page at least three (3) business days prior to the change or replacement.

Upon request, Advertiser shall provide Bloosky with any and all documentation that supports any claims made in an advertisement within five (5) business days of the request.  Thereafter, Advertiser shall cooperate with any follow-up questions by Bloosky relating to such documentation, including, but not limited to, making available any and all of Advertiser's employees who are involved with, knowledgeable of or responsible for any claims made in an advertisement or the documentation supporting such claims.  Advertiser acknowledges that any delays by it in fulfilling its obligations set forth in this paragraph will delay Bloosky's ability to place an advertisement on its network.

Bloosky's sole obligation shall be to place the advertisement on its network, subject to the provisions of this IO. Bloosky has advised Advertiser, and Advertiser acknowledges, that Bloosky's affiliates and independent contractors participating in its network are not obligated to carry, transmit, market or publish any advertisement. Accordingly, placement of an advertisement shall be subject to the right of any affiliate or independent contractor to decline any advertisement.

Bloosky expressly reserves the right to refuse or cease to deliver any advertisement, or cancel any IO, that it deems, in its sole discretion, is inappropriate for any reason or no reason.

bloosky interactive ➤ bloosky.com

Exhibit K Pg 59

Upon Advertiser's request, Bloosky may assist Advertiser in the creation and development of creative materials and/or a landing page, and host Advertiser's landing page. Advertiser shall have final control over any such creative materials that Bloosky helps create or develop, and may modify, alter or change any such creative materials or landing page; provided, that such rights shall remain subject to the terms contained herein, including, but not limited to, Bloosky's right to refuse to deliver an advertisement, and Advertiser's obligation to notify Bloosky of any changes to creative materials or a landing page after a campaign begins. Advertiser shall be solely responsible for the creative materials and landing page, and Bloosky disclaims any and all warranties related to any creative materials or landing pages provided to Advertiser, including, but not limited to, any warranty that the creative materials or landing page comply with applicable laws, rules or regulations. Advertiser agrees to hold Bloosky harmless and indemnify Bloosky from any and all claims that arise from or relate to any creative materials or landing page.

## > 2. tracking of campaigns

Bloosky utilizes a tracking system that will log consumer responses and report actions by URL, Origin ID, or Affiliate ID code. The information collected by Bloosky's tracking system will be used to compute the amounts owed by and billed to Advertiser.

In the event Advertiser disputes an action or claims that an action is invalid or non-viable, it shall return the disputed action within five (5) business days after receipt of the disputed action, along with a written explanation of Advertiser's rationale for rejecting an action, which shall include at a minimum, for each disputed action: (i) date and time submitted, (ii) IP address, (iii) Order ID, (iv) Sub ID, (v) referring URL (if available); (vi) reason for decline, (vii) contact information, (viii) address information, (ix) email address, (x) telephone number (if applicable), and (xi) credit card number (if applicable). Bloosky shall, in good faith, consider such documentation, but shall have final authority in determining the total count of actions for billing purposes. Failure to raise a complete and timely objection shall waive any such objections.

## > 3. payment and invoices

Advertiser shall pay Bloosky for advertising published by Bloosky on a cost per action or "CPA" basis in accordance with the terms of this IO. Bloosky shall submit invoices to Advertiser on a weekly basis. On or before the seventh (7th) calendar day following the date of an invoice, Advertiser shall remit payment by wire transfer or check to Bloosky, at the address listed above, unless otherwise set forth on page one of this IO.

In the event Advertiser fails to pay all or a portion of an amount due in an invoice, Bloosky may immediately remove any and all of Advertiser's advertisements without notice. Payments not made within thirty (30) days following the date of an invoice shall accrue interest at a rate of 1.5% per month or the maximum allowed by law, whichever is less.

In the event Bloosky incurs expenses arising from or related to collection of any outstanding balance, Advertiser shall pay Bloosky's reasonable expenses associated with the collection, including, without limitation, reasonable attorneys' fees and costs, and collection agency's fees and costs.

## > 4. term and termination

This IO shall continue for the term set forth above, provided that either Party may terminate this IO upon ten (10) business days prior written notice. Either Party may terminate this IO immediately in the event of a material breach of this IO by the other Party.

Bloosky reserves the right to terminate this IO immediately in the event that: (i) the campaign does not meet minimum campaign performance criteria then currently in place; (ii) Advertiser violates the payment terms set forth herein; (iii) Advertiser's advertisement violates any law, rule or regulation; or (iv) Bloosky is required, by law or court order, to cease or terminate Advertiser's advertisement.

## > 5. miscellaneous provisions

Each Party represents and warrants it has the power, right and authority to enter into this IO; to grant the rights and licenses granted herein; and to perform the acts required in this IO. Each Party represents and warrants that it will fully comply with all applicable laws, rules and regulations with respect to its respective business, including, but not limited to, the CAN-SPAM Act of 2003, and laws regulating deceptive trade practices and advertising.

Advertiser represents and warrants that: (i) its advertisement complies with all applicable laws, rules and regulations, including laws governing false or deceptive advertising; (ii) it has a reasonable basis for all claims made within its advertisement and possesses appropriate documentation to substantiate such claims; (iii) Advertiser shall fulfill all commitments made in its advertisement; (iv) no advertisement is targeted to children;

bloosky interactive ▶ bloosky.com

and (v) under no circumstances will the Advertiser provide for the download onto a consumer's site of spyware, malware or similar such harmful software.

During the term of this IO and for six (6) months hereafter, Advertiser shall not knowingly solicit any on-line publisher, Web Site, or email provider that is affiliated with Bloosky, unless a previously existing business relationship between Advertiser and such publisher can be demonstrated.

Both Parties agree to indemnify and hold each other and their respective members, officers, directors, employees and agents (collectively, the "Indemnitees") harmless from and defend each such Indemnitee against any damages, liabilities, losses, taxes, fines, penalties, costs, and expenses (including reasonable attorneys' fees and costs) of any kind or nature whatsoever as the same are or may be incurred to a third party, which may be sustained or suffered by any Indemnitee in connection with any present or future threatened, pending or contemplated investigation, claim, action, suit or proceeding, whether civil, criminal, administrative or investigative, to which any such Indemnitee is or was a party or is threatened to be made a party, and that arises from or is related to a material breach of this IO.

IN NO EVENT SHALL EITHER PARTY BE LIABLE TO THE OTHER FOR ANY INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES OR LOST PROFITS ARISING OUT OF OR RELATING TO THIS IO. With the exception of the indemnity obligation set forth above, willful misconduct and/or fraud, the aggregate liability of the Parties to one another shall not exceed the amounts paid by Advertiser to Bloosky pursuant to this IO.

EXCEPT AS SET FORTH IN THIS AGREEMENT, THERE ARE NO OTHER WARRANTIES, EXPRESS OR IMPLIED HEREUNDER, INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, OR REPRESENTATIONS REGARDING POTENTIAL REVENUES OR ACTIONS.

This IO shall be governed by the laws of the State of California without regard to choice of law rules. The Parties consent to exclusive jurisdiction and venue in the state or federal courts in Orange County, California. In the event of a legal action between the Parties that arises from or relates to this IO, the prevailing Party shall be entitled to recover its reasonable attorneys' fees and costs.

The Parties to the IO are independent contractors. Neither party is an agent, representative, partner or employee of the other party. Neither party will have any right, power, or authority to enter into any agreement on behalf of, or incur any obligation or liability of, or to otherwise bind the other party. The IO will not be interpreted or construed to create an association, agency, joint venture, or partnership between the Parties or to impose any liability attributable to such a relationship upon either party.

The Parties recognize and acknowledge that they have acquired and/or will acquire confidential information and trade secrets (hereafter "Confidential Information") from and/or concerning the other Party, and their parents, subsidiaries, affiliates, and acquired businesses. The Parties shall not, during or after the Term, use or disclose any Confidential Information to any person, firm, corporation, association, or any other person or entity for any reason or purpose whatsoever, directly or indirectly, except as required to perform their respective duties hereunder, or as required or permitted by law. In the event of termination of this IO, whether voluntary or involuntary, and whether initiated by Advertiser or Bloosky, or upon request of Bloosky at any time, the Parties shall deliver to one another all documents and data pertaining to the Confidential Information and shall not take or remove any documents or data of any kind or any reproductions (in whole or in part) or extracts of any items relating to any Confidential Information. Neither Party shall, at any time during or after the term of this IO, use, copy, publish, summarize, or remove from any Confidential Information, except, during the term of this IO, to the extent necessary to carry their respective duties and responsibilities under this IO.

No delay or omission by either Party hereto in exercising any right, power or privilege hereunder shall impair such right, power or privilege, nor shall any single or partial exercise of any such right, power or privilege preclude any further exercise thereof or the exercise of any other right, power or privilege.

This IO contains the entire understanding of the Parties with respect to the terms and conditions of Advertiser's placement of the above referenced advertisement with Bloosky, and supersedes all prior agreements, negotiations and understandings relating to Advertiser's placement of the above referenced advertisement with Bloosky, including any oral or written agreements between Advertiser and Bloosky or its affiliates and/or subsidiaries. This IO cannot be amended or modified except by a written instrument signed by Advertiser and an authorized signatory of Bloosky.

This agreement is non-exclusive for both Parties; either Party may enter similar agreements with third parties.

bloosky interactive    bloosky.com

Exhibit K Pg 61

1

## PROOF OF SERVICE

2

*Bloosky Interactive, LLC v. Viable Marketing Corp., et al.*

3

STATE OF CALIFORNIA, COUNTY OF ORANGE

4

    I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

5

6

    On April 2, 2010, I served the following document(s) described as **CROSS-COMPLAINT ON BEHALF OF VIABLE MARKETING CORP. DBA VIEW MARKETING FOR: (1) BREACH OF CONTRACT; (2) RESCISSION AND RESTITUTION; AND (3) NEGLIGENCE** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope as follows:

7

8

9

Tiffany A. Kahnen, Esq.           Attorneys For Plaintiff
Bloosky Interactive, LLC         BLOOSKY INTERACTIVE, LLC

10

9 Pasteur, Suite 100
Irvine, California 92618

11

TEL:   (866) 637-7220
FAX:   (888) 465-7166

12

13

☒    **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

14

15

16

☐    **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

17

18

☐    **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet.  Said transmission was reported complete and without error.

19

20

21

☐    **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

22

23

☐    **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Exhibit K Pg 62

1

⊠      **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

2

3      Executed on April 2, 2010, at Irvine, California.

4      *Rebecca L. Espinosa*
       REBECCA L. ESPINOSA

5

6

7

8

9

10

11

12

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

*Bloosky Interactive, LLC v. Viable Marketing Corp., et al.*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On April 2, 2010, I served the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(b) [DIVERSITY JURISDICTION]** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope as follows:

Tiffany A. Kahnen, Esq.          Attorneys For Plaintiff
Bloosky Interactive, LLC         BLOOSKY INTERACTIVE,
9 Pasteur, Suite 100             LLC
Irvine, California 92618
TEL: (866) 637-7220
FAX: (888) 465-7166

☒ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐ **(By Personal Service)** I caused to be delivered by hand, via First Legal Support Services, whose business address is 301 Civic Center Drive West, Santa Ana, California 92701, telephone (714) 541-1110, on the interested parties in this action by placing the above-mentioned document(s) in an envelope addressed to the office of the addressee listed above.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

1

☒      **(FEDERAL)** I declare that I am employed in the office of a member of the
bar of this court at whose direction the service was made.

2

3      Executed on April 2, 2010, at Irvine, California.

4

5                                                    REBECCA L. ESPINOSA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV10- 400 AG (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
VIABLE MARKETING CORP. dba VIEW MARKETING, a Florida corporation;
CHAD ELIE, an individual; DJ KILGORE, an individual; and DOES 1 through 10,
inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BLOOSKY INTERACTIVE, LLC, a Nevada limited liability company

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 15 2009

ALAN CARLSON, Clerk of the Court

BY ____J. TRAN____, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*<br>Superior Court of California, County of Orange<br>Central Justice Center<br>700 Civil Center Drive West<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso)*<br>30-2009<br>00328685<br><br>JUDGE FRANCISCO F. FIRMAT<br>DEPT C15 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
TIFFANY ANN KAHNEN, STATE BAR NO. 254399
BLOOSKY INTERACTIVE, LLC, 9 Pasteur, Suite 100, Irvine, CA 92618
(801) 717-3120

DATE:           DEC 15 2009      ALAN CARLSON      Clerk, by   JOSEPH TRAN   , Deputy
*(Fecha)*                                      *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Viable Marketing Corp dba View Marketing, a Florida corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Bloosky Interactive LLC

**DEFENDANTS**

Viable Marketing Corp. dba View Marketing; Chad Elie; DJ Kilgore; and DOES 1 through 10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number If you are representing yourself, provide same )

Tiffany A. Kahnen
Bloosky Interactive, LLC
9 Pasteur, Suite 100
Irvine, CA 92618
(801) 717-3120

Attorneys (If Known)

Sean A. O'Brien
Payne & Fears LLP
4 Park Plaza
Suite 1100
Irvine, CA 92614
949-851-1100

**II. BASIS OF JURISDICTION** (Place an X in one box only)

☐ 1 U S Government Plaintiff

☐ 2 U S Government Defendant

☐ 3 Federal Question (U S Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only )

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint )

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U S Civil Statute under which you are filing and write a brief statement of cause Do not cite jurisdictional statutes unless diversity )

Beach of contract removed on grounds of diversity under 28 U.S.C. section 1332 and 28 U.S.C. section 1441(b).

**VII. NATURE OF SUIT** (Place an X in one box only )

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl Ret Inc Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☒ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U S Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**SACV10-00400 AG (MLGx)**

FOR OFFICE USE ONLY: Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2
                                                                      CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | State of Florida |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date _April 2, 2010_

Sean A. O'Brien

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |