1  BLOOSKY INTERACTIVE, LLC
   TIFFANY A. KAHNEN, STATE BAR NO. 254399
2  9 Pasteur, Suite 100
   Irvine, CA  92618
3  Telephone:  (866) 637-7220
   Facsimile:  (888) 465-7166
4
   Attorney for Plaintiff
5  Bloosky Interactive, LLC

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  BLOOSKY INTERACTIVE, LLC, a          CASE NO. SACV10-00400 AG
                                         (MLGx)
12  Nevada limited liability company,

13              Plaintiff,               **PLAINTIFF BLOOSKY
                                         INTERACTIVE'S VERIFIED
14      vs.                              AMENDED ANSWER TO
                                         DEFENDANT VIABLE
15                                       MARKETING CORP.'S CROSS-
    VIABLE MARKETING CORP. dba          COMPLAINT**
16  VIEW MARKETING, a Florida
    Corporation; CHAD ELIE, an individual;   The Honorable Andrew J. Guilford
17  DJ KILGORE, an individual and DOES 1
    through 10, inclusive,
18
19
              Defendants.
20
21
22

23      **TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF**

24  **RECORD:**

25      Plaintiff and Cross-Defendant, BLOOSKY INTERACTIVE, LLC (herein

26  "Bloosky"), answers the unverified Cross-Complaint of Defendant and Cross-

27  Complainant, VIABLE MARKETING CORP. dba VIEW MARKETING (herein

28  "Viable") as follows:

**THE PARTIES**

1.    Bloosky admits that Viable is, and at all times relevant to the instant matter was, a Florida corporation. Bloosky denies the remaining allegations of paragraph 1 of the cross-complaint.

2.    Bloosky admits that Bloosky was, at all times relevant to the instant matter, a Nevada limited liability company. Bloosky denies the remaining allegations of paragraph 2 of the cross-complaint.

3.    Bloosky is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations of paragraph 3 of the cross-complaint, and, therefore, denies them.

**GENERAL ALLEGATIONS**

4.    Bloosky admits the allegations of paragraph 4 of the cross-complaint.

5.    Bloosky admits that Viable entered into a written advertising contract with Bloosky. Bloosky admits that the contract is also known as an "Insertion Order" and had an effective date of June 29, 2009. Bloosky denies the remaining allegations of paragraph 5 of the cross-complaint.

6.    Bloosky admits the allegations of paragraph 6 of the cross-complaint.

7.    Bloosky is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations of paragraph 7 of the cross-complaint, and, therefore, denies them.

8.    Bloosky admits that Viable agreed to pay Bloosky $43.00 for each action or sale. Bloosky denies the remaining allegations of paragraph 8 of the cross-complaint.

9.    Bloosky admits the allegations of paragraph 9 of the cross-complaint.

///

10.   Bloosky admits the allegations of paragraph 10 of the cross-complaint.

11.   Bloosky denies the allegations of paragraph 11 of the cross-complaint.

12.   Bloosky admits that Bloosky provided internet advertising for Viable's product.   The terms "provided" and "landing page" are undefined, vague, and ambiguous, and, therefore, Bloosky denies the remaining allegations of paragraph 12 of the cross-complaint.

13.   Bloosky denies the allegations of paragraph 13 of the cross-complaint.

14.   Bloosky denies the allegations of paragraph 14 of the cross-complaint.

15.   Bloosky is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations of paragraph 15 of the cross-complaint, and, therefore, denies them.

16.   Bloosky denies the allegations of paragraph 16 of the cross-complaint.

17.   Bloosky admits the allegations of paragraph 17 of the cross-complaint.

18.   Bloosky denies the allegations of paragraph 18 of the cross-complaint.

19.   Bloosky is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations of paragraph 19 of the cross-complaint, and, therefore, denies them.

20.   Bloosky is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations of paragraph 20 of the cross-complaint, and, therefore, denies them.

///

1       21.   Bloosky is without sufficient knowledge or information at this time
2  to form a belief as to the truth of the allegations of paragraph 21 of the cross-
3  complaint, and, therefore, denies them.

4       22.   Bloosky is without sufficient knowledge or information at this time
5  to form a belief as to the truth of the allegations of paragraph 22 of the cross-
6  complaint, and, therefore, denies them.

7       23.   Bloosky is without sufficient knowledge or information at this time
8  to form a belief as to the truth of the allegations of paragraph 23 of the cross-
9  complaint, and, therefore, denies them.

10       24.   Bloosky is without sufficient knowledge or information at this time
11  to form a belief as to the truth of the allegations of paragraph 24 of the cross-
12  complaint, and, therefore, denies them.

13       25.   Bloosky is without sufficient knowledge or information at this time
14  to form a belief as to the truth of the allegations of paragraph 25 of the cross-
15  complaint, and, therefore, denies them.

16  ### FIRST CAUSE OF ACTION

17       26.   In response to this paragraph, Bloosky incorporates its responses
18  contained in all of the preceding paragraphs of this answer.

19       27.   Bloosky admits that Viable and Bloosky executed an Insertion Order
20  according to which Bloosky was to provide advertising services in connection
21  with Viable's "Google Exclusive" ad campaign. Bloosky denies the remaining
22  allegations of paragraph 27 of the cross-complaint.

23       28.   Bloosky admits the allegations of paragraph 28 of the cross-
24  complaint.

25       29.   Bloosky is without sufficient knowledge or information at this time
26  to form a belief as to the truth of the allegations of paragraph 29 of the cross-
27  complaint, and, therefore, denies them.

28  ///

30.   Bloosky denies the allegations of paragraph 30 of the cross-complaint.

31.   Bloosky is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations of paragraph 31 of the cross-complaint, and, therefore, denies them.

## SECOND CAUSE OF ACTION

32.   In response to this paragraph, Bloosky incorporates its responses contained in all of the preceding paragraphs of this answer.

33.   Bloosky is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations of paragraph 33 of the cross-complaint, and, therefore, denies them.

34   Paragraph 34 of the cross-complaint states demand to which no responsive pleading is required.  To the extent a response is required, Bloosky denies the allegations of paragraph 34 of the cross-complaint.

## THIRD CAUSE OF ACTION

35.   In response to this paragraph, Bloosky incorporate their responses contained in all of the preceding paragraphs of this answer.

36.   Paragraph 36 of the cross-complaint requires a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Bloosky is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations of paragraph 36 of the cross-complaint, and, therefore, denies them.

37.   Paragraph 37 of the cross-complaint requires a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Bloosky is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations of paragraph 36 of the cross-complaint, and, therefore, denies them.

///

38.    Paragraph 38 of the cross-complaint requires a legal conclusion to which no responsive pleading is required. To the extent a response is required, Bloosky is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations of paragraph 36 of the cross-complaint, and, therefore, denies them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Insufficient Facts)

Viable's Cross-Complaint fails to allege facts sufficient to state a cause of action, or causes of action, against Bloosky.

### SECOND AFFIRMATIVE DEFENSE
### (Prior Breach)

Bloosky asserts that Viable is barred from asserting any claim against Bloosky by reason of Viable's prior breach and/or failure to perform.

### THIRD AFFIRMATIVE DEFENSE
### (Set Off)

As an affirmative defense to each of the purported Claims for Relief alleged by Viable against answering Bloosky, answering Bloosky alleges that it is entitled to a set off of all damages, including interest, by reason of Viable's prior breach of the alleged Agreements between the parties herein.

### FOURTH AFFIRMATIVE DEFENSE
### (Performance Excused)

Bloosky is informed and believes, and thereon alleges that any duty on the part of Bloosky in connection with any obligation, condition or agreement is excused by reason of the waiver, breach of condition precedent or failure to perform by Viable or by the prior acceptance of Bloosky's performance by Viable.

///

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Viable has failed to mitigate Viable's alleged damages, if any, including Viable's failure to use reasonable care to reduce and /or minimize the damage, if any, resulting from the matters alleged in the Cross-Complaint. Such failure is a direct and proximate cause of any and all damage or other harm allegedly suffered by Viable.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Viable's Cross-Complaint, and each purported cause of action contained herein is barred by the Doctrine of Unclean Hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Parol Evidence Rule)

Viable's Cross-Complaint, and each purported cause of action contained therein is barred by the Parol Evidence Rule, California Code of Civil Procedure § 1856.

## EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

Viable's Cross-Complaint, and each of the purported causes of action, is barred under the Doctrine of Estoppel.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver)

Viable's Cross-Complaint, and each purported cause of action contained therein, is barred by the Doctrine of Waiver.

## TENTH AFFIRMATIVE DEFENSE
### (Release)

Viable's Cross-Complaint, and each purported cause of action contained therein, is barred to the extent that Viable previously released Bloosky from any

and all alleged claims, obligations or actions.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Bad Faith)

Viable's Cross-Complaint, and each cause of action contained therein, is barred by the acts, agreements, omissions, representations and other conduct committed by Viable in bad faith.

## TWELFTH AFFIRMATIVE DEFENSE
### (Waiver of Right to Rescind)

Viable's Cross-Complaint, and each purported cause of action contained therein, is barred because Viable waived its right to rescind when it did not provide written notice of cancellation of the alleged contract(s) in a timely matter.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

The acts and omissions of Bloosky, if any, as alleged in Viable's Cross-Complaint were not actual or proximate cause of the loss or damage, if any, for which Viable seeks recovery.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Indemnification)

The damages, if any, suffered by Viable were the direct and proximate result of Viable's own acts or omissions, and therefore Viable should indemnify and hold harmless Bloosky from any and all liabilities that may be recovered against Bloosky.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Costs of Suit)

Bloosky is entitled to recover from Viable the reasonable attorney's fees and costs incurred by Bloosky in defense of this action pursuant to the provisions of the terms of the contracts and agreements into by the parties and by virtue of the principles of equity.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Wrongful Acts)

Bloosky alleges that if it is determined that any amount is due and owing to Viable, such amount must be offset by the damages inflicted upon Bloosky by Viable's wrongful acts which include, but are not limited to, the filing of this action which is without merit, was filed in bad faith, and solely for harassment purposes.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

Bloosky alleges that Viable's Cross-Complaint fails because Viable has suffered no damages which are compensable under the law.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Defenses)

Bloosky presently has insufficient knowledge and information upon which to form a belief as to whether he may have additional, and as yet unstated, affirmative defenses available.  As such, Bloosky reserves the right to assert additional affirmative defenses in the event discovery reveals facts which render them appropriate.

///
///
///
///
///
///
///
///
///
///

## **PRAYER**

WHEREFORE, Bloosky prays the following:

1.     Viable take nothing by its Cross-Complaint on file herein;

2.     Viable's Cross-Complaint be dismissed with prejudice;

3.     Bloosky be granted attorney's fees and costs of suit incurred herein as allowed by law;

4.     For such further relief as the Court deems proper.

Dated: May 19, 2010               BLOOSKY INTERACTIVE, LLC

                                        By:_____
                                        Tiffany A. Kahnen
                                        Attorney for Plaintiff/Cross-Defendant

## **VERIFICATION**

I am chief executive officer for Plaintiff and Cross-Defendant, Bloosky Interactive, LLC, in this action. I have read the foregoing Amended Answer to Defendant Viable's Cross-Complaint. The matters stated in the Amended Answer to Defendant Viable's Cross-Complaint are true of my own knowledge except those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 20, 2010               _____
                                        Matt Cook